**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANGIOSCORE, INC.**, <br>     **Plaintiff/Counter-Defendant,** <br> vs. <br> **TRIREME MEDICAL, INC.** *et al.*, <br>     **Defendants/Counterclaimants.** | Case No.: 12-CV-3393-YGR <br><br> **ORDER RE: DISCOVERY LETTER BRIEF** |

The Court has reviewed the parties' Letter Brief requesting the Court quash a subpoena directed at third party Peter K. Johansson.

Mr. Johansson has relevant information and, therefore, taking his deposition is generally acceptable. However, it is not clear that it is necessary to take his deposition in advance of the hearing on the Motion for Rule 11 Sanctions. Briefing on that motion is closed and no additional material may be filed without Court approval; nor may additional evidence be submitted at the hearing on the Motion for Rule 11 Sanctions without Court approval. That said, Defendants may take Mr. Johansson's deposition subject to the limitations of, *inter alia*, Fed. R. Civ. P. 30(a).

Because Defendants did not comply with Local Rule 30-1 before noticing the deposition, Mr. Johansson does not need to appear at the November 8, 2012 deposition. The parties are ordered to meet and confer about scheduling Mr. Johansson's deposition, and are ordered to schedule Mr. Johansson's deposition for a date within 14-days of the date this Order is filed.

The Court takes no position on whether any of the information that may be elicited during Mr. Johansson's deposition is protected by the attorney-client privilege and/or the work product doctrine. Any objection, whether on the basis of privilege, work product, relevance, etc., must be stated on the record. The Court cannot issue an advisory ruling in advance of the deposition.

This Order Terminates Docket Number 45.

**IT IS SO ORDERED**.

Date: November 6, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**