1  James W. Geriak (State Bar No. 32871)
   *jgeriak@sheppardmullin.com*
2  Steven M. Hanle (State Bar No. 168876)
   *shanle@sheppardmullin.com*
3  André De La Cruz (State Bar No. 245175)
4  *adelacruz@sheppardmullin.com*
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
5    A Limited Liability Partnership
     Including Professional Corporations
6  650 Town Center Drive, 4th Floor
7  Costa Mesa, CA  92626-1993
   Telephone:     (714) 513-5100
8  Facsimile:     (714) 513-5130

9  Charles A. Kertell (State Bar No. 181214)
   *kertellc@dicksteinshapiro.com*
10 DICKSTEIN SHAPIRO LLP
   2 Park Plaza, Suite 900
11 Irvine, CA  92614-7200
12 Telephone:     (949) 623-7880
   Facsimile:     (949) 623-7881
13
   Attorneys for Plaintiff
14 ANGIOSCORE, INC.

15

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ANGIOSCORE, INC., | Case No. 4:12-cv-3393-YGR |
| Plaintiff, | **ANGIOSCORE, INC.'S NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO MODIFY THE CASE MANAGEMENT SCHEDULING ORDER [DKT. NO. 66] AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15 AND 16(b)(4) AND LOCAL RULE 16-2(d)** |
| v. | |
| TRIREME MEDICAL, INC., EITAN KONSTANTINO, and QUATTRO VASCULAR PTE LTD., | |
| Defendants. | |
| AND RELATED COUNTER-CLAIMS. | Hon. Yvonne Gonzalez Rogers |

SMRH:410049605.2                    -1-

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE that, on November 12, 2013, at 2:00 p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California 94614, Plaintiff AngioScore, Inc. ("AngioScore") will and hereby does move to modify the scheduling order in this case and for leave to file and serve a Supplemental and Second Amended Complaint in this matter pursuant to Rules 15(a), 15(d) and 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16-2(d).

This Motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of James W. Geriak and exhibits thereto submitted herewith ("Geriak Declaration"), such further evidence or argument as may be presented at or in connection with hearing on this Motion, all pleadings, files and records in this action, and any other evidence the Court may properly consider.

A true and correct copy of the proposed Supplemental and Second Amended Complaint is attached to the Geriak Declaration as Exhibit 1.

**STATEMENT OF RELIEF SOUGHT**

Subsequent to May 31, 2013, the deadline for amendment of the pleadings set in the Court's Case Management Scheduling Order following initial case management conference ("Scheduling Order") (Dkt. No. 66), dated April 25, 2013, AngioScore, on or about September 5, 2013, became aware that two of the existing defendants in this case, TriReme Medical, Inc. ("TriReme") and Quattro Vascular Pte. Ltd. ("Quattro") had merged to form a new company initially named QT Vascular Pte. Ltd., which was then renamed QT Vascular Ltd. ("QT") and is the successor in interest to TriReme and Quattro.  As of September 5, 2013, AngioScore had not received any notice from TriReme or Konstantino that TriReme had merged with Quattro to form QT, and still has not received any notice from TriReme or Konstantino of this merger. AngioScore first became aware of this fact when on or about September 5, 2013, it came across a press release published by Luminor, a Singaporean investment fund, on or about September 1,

2013, which stated that, on July 11, 2013, TriReme and Quattro had merged to form QT. AngioScore believes that Federal Rule 16(b)(4) and Local Rule 16-2(d) apply to the present motion. AngioScore further believes that there is good cause, including AngioScore's diligence, for modifying the Scheduling Order to permit filing of the proposed amended complaint to add QT as a defendant.

AngioScore seeks modification of the Scheduling Order dated April 25, 2013 (Dkt. No. 66) and seeks the Court's leave to file and serve a Supplemental and Second Amended Complaint that adds QT as a defendant to this action and supplements the First Amended Complaint with transactions, occurrences, and events that arose after the filing of its First Amended Complaint. Two of the previously named defendants, TriReme and Quattro have been merged to form QT. Grant of this motion to add QT as a defendant will clearly serve the aim of the "just, speedy and inexpensive determination" of this proceeding, the basic aim of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1. Furthermore, this aim will be achieved without legal prejudice to the ability of QT or the defendants TriReme, Eitan Konstantino ("Konstantino"), or Quattro (collectively, "Defendants") to respond to the claims asserted against them by AngioScore. As will be shown below, AngioScore has been diligent in bringing this motion. Thus, in view of the foregoing, AngioScore respectfully requests that the Court grant it leave under Rules 15(a), 15(d) and 16(b)(4) of the Federal Rules of Civil Procedure, and Local Rule 16-2(d) to file and serve a Supplemental and Second Amended Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **INTRODUCTION**

As set forth in the Geriak Declaration, AngioScore's proposed Supplemental and Second Amended Complaint ("proposed Amended Complaint"): (1) sets out events that transpired after the cut-off date for amending the pleadings set forth in the Scheduling Order and after the filing of AngioScore's First Amended Complaint, specifically, the recent merger of Quattro and TriReme resulting in the creation of a new company (QT) closely affiliated with the other Defendants (according to QT's website, defendant Trireme "is the commercial arm of QT Vascular focused on serving customers in the United States" and Quattro is QT's "commercial arm" for Asia); and (2)

adds QT as a defendant to this action.

## II. NATURE AND STATE OF PROCEEDINGS AND STATEMENT OF RELEVANT FACTS

AngioScore's proposed Amended Complaint should be allowed because joinder of QT as a defendant will eliminate the need for AngioScore to proceed separately in another judicial action to seek relief for patent infringement by the newly formed parent company of the other two corporate defendants and their common founder, Eitan Konstantino. Thus, the joinder of QT clearly facilitates the orderly administration of justice, particularly since this case is still in its early stages. AngioScore filed its original complaint in this case against Defendants on June 29, 2012 (Dkt. No. 1). Subsequently, on August 16, 2012, AngioScore filed a First Amended Complaint against Defendants as a matter of course under Rule 15(a) of the Federal Rules of Civil Procedure as Defendants had not yet filed a responsive pleading (Dkt. No. 12). On September 5, 2012, TriReme and Konstantino filed their Answer and Counterclaims to the First Amended Complaint (Dkt. No. 15). On December 18, 2012, AngioScore filed its Answer to TriReme's and Konstantino's Counterclaims (Dkt. No. 55).

On April 25, 2013, the Court issued the Scheduling Order setting May 31, 2013 as the deadline for amendment of the pleadings. However, on information and belief, the merger of named defendants Quattro and TriReme as well as formation of the new company QT occurred on July 11, 2013, well after the Court's May 31, 2013 deadline and without any notice to the Court or Plaintiff of the merger. In fact, AngioScore did not learn of these transactions, occurrences, and events until on or about September 5, 2013.

## III. LEGAL STANDARD

**Rule 16(b)(4)**. As noted above, the merger of the two existing defendants TriReme and Quattro to form the new company QT, was an act engaged in by defendants themselves. AngioScore has been extremely diligent since finding, on or about September 5, 2013, the press release issued by Luminor on or about September 1, 2013 that announced the merger, in bringing the present motion. This diligence establishes good cause for granting the present motion.

The leading Ninth Circuit case on Rule 16(b)(4)'s good cause requirement is *Johnson v.*

*Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) where the Court said:

> "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."

In the present case, it is plain that the diligence period in the present case could not have started until after the cut-off date for amendment of the pleadings and that the present motion has been filed in a matter of days after AngioScore became aware of the merger which formed QT.

In like manner, the foreseeability of the need for amendment was zero. As of the cut-off date for amending the pleadings, QT did not exist. There was absolutely no foreseeability that defendants TriReme and Quattro would merge to form QT and no foreseeability that Konstantino would be a founder of QT. Thus, lack of foreseeability as well as diligence in seeking to amend are present in the instant case.

Furthermore, the modification of the Scheduling Order which is sought by the present motion is minimal. None of the dates in the Scheduling Order other than modifying the cut-off date for amending the pleadings to add QT as a party is involved. This case is still in an early stage with regard to discovery and no modification other than leave to file an amended complaint subsequent to the cut-off date is sought or needed. Furthermore, the other party, QT, is a successor in interest to existing Defendants TriReme and Quattro.

In summary, good cause has been shown for the purposes of Rule 16(b)(4) and, as held in *Johnson*, at 975 F.2d 208, AngioScore must also demonstrate that the amendment would be proper under Rule 15.

**Local Rule 16-2(d)**. The present motion complies with Rule 16-2(d), which requires that the moving party describe the circumstances that support the request for modification of the Scheduling Order; ¶ 8 of the Geriak Declaration states that counsel for the moving party has conferred with all other counsel in an effort to reach agreement about this matter and reports that counsel for TriReme and Konstantino, after being provided with a copy of the Amended Complaint stated on October 1, 2013 that they "cannot agree" to the filing of the proposed Amended Complaint; and the present motion is accompanied by a proposed revised Case Management Schedule.

1    **Rule 15(d)**.  The present motion seeks leave to file a supplemental pleading under Rule
2    15(d) which is appropriately used to allege facts that have occurred after the original pleading was
3    filed, *Keith v. Volpe*, 858 F.2d 467, 468 (9th Cir. 1988).  A supplemental pleading is a tool of
4    "judicial economy and convenience" and, as such, supplemental pleadings are favored, *Keith*, 858
5    F.2d at 473.  The purpose of a supplemental complaint is to "promote as complete an adjudication
6    of the dispute between the parties as possible by allowing the addition of claims which arise after
7    the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,*
8    *Inc.,* 668 F.2d 1014, 1057 (9th Cir. 1981).  *See also*, *Safety Dynamics, Inc. v. General Star*
9    *Indemnity Co.,* 2013 WL 1249222 *2-3 (D. Ariz. 2013).

10   The filing of supplemental pleadings is governed by Rule 15(d), which provides:  "On
11   motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental
12   pleading setting out any transaction, occurrence, or event that happened after the date of the
13   pleading to be supplemented."  Fed. R. Civ. P. 15(d).  "The purpose of Rule 15(d) is to promote as
14   complete an adjudication of the dispute between the parties as possible by allowing the addition of
15   claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT*
16   *Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981).  In furtherance of that objective, "[t]he
17   Supreme Court has stated that new claims, new parties, and events occurring after the original
18   action are all properly permitted under Fed. R. Civ. P. 15(d)." *Keith v. Volpe,* 858 F.2d 467, 475
19   (9th Cir. 1988).  Leave to file a supplemental complaint under Rule 15(d) rests within the court's
20   discretion and should be freely granted if it will promote the just disposition of the case, not cause
21   undue prejudice or delay, and not prejudice the rights of any parties.  *Keith*, 858 F.2d at 475.
22   "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings.
23   The rule is a tool of judicial economy and convenience.  Its use is therefore favored." *Id.* at 473
24   (internal citations omitted).

25   Amendments under Rule 15(d), like amendments under Rule 15(a) are viewed as a means
26   to achieve the fundamental objective of the Federal Rules of Civil Procedure, which is "to secure
27   the just, speedy, and inexpensive determination of every action."  *See* Fed. R. Civ. P. 1.  "Rule
28   15(d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover

events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. County School Board,* 377 U.S. 218, 226-27 (1964). *See also Corum v. Beth Israel Medical Center,* 359 F.Supp. 909, 912-13 (S.D.N.Y. 1973) (permitting second supplemental complaint adding twelve defendants because "ultimate aim" of causes of action the same); *Poindexter v. Louisiana Fin. Assistance Comm'n,* 296 F.Supp. 686, 688-89 (E.D. La.) (permitting supplemental complaint adding new defendants after entry of final decree in original cause where district court explicitly retained jurisdiction), *aff'd sub nom., Louisiana Educ. Comm'n for Needy Children v. Poindexter,* 393 U.S. 17 (1968); *United States v. National Screen Serv. Corp.,* 20 F.R.D. 226, 227 (S.D.N.Y. 1957) (permitting supplemental complaint adding two defendants citing Rule 15(d) as authority). Another recognized advantage of the use of Rule 15(d) to add parties is to avoid multiplicity of suits. *Keith,* 858 F.2d 475, citing with approval *H.F. G. Co. v. Pioneer Publ'g Co.,* 7 F.R.D. 654, 656 (N.D. Ill. 1947).

**Rule 15(a).** When a party already has amended its pleadings, further amendment requires written consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). Nevertheless, the Supreme Court pointed out, in *Foman v. Davis,* 371 U.S. 178, 181 (1962), that Rule 15(a) requires that leave to amend "shall be freely given when justice so requires." In fact, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 181. The *Foman* court further held that when the plaintiff has established a proper basis for amendment under Rule 15, the court's denial of leave to amend requires it next to focus on countervailing factors, none of which we will show are present in this case, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman,* 371 U.S. at 182.

The guidance to the proper application of Rule 15(a) set forth in *Foman* has been consistently and rigorously applied by the Ninth Circuit and leave to amend demanded of the trial

court when the plaintiff has established a basis for amendment and the countervailing factors are absent.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  *See also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality"); *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997) ("[T]he court must be very liberal in granting leave to amend").  Upon a party's motion for leave to amend, a district court "shall grant leave to amend freely 'when justice so requires.'"  *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (*en banc*) (quoting Fed. R. Civ. P. 15(a)).  The Ninth Circuit has construed this Rule broadly, requiring that leave to amend "be applied with extreme liberality."  *See also Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999) (noting that weighing of the countervailing factors identified in *Foman,* i.e., bad faith, undue delay, prejudice to the opposing party and/or futility, "should be performed with all inferences in favor of granting the motion").

Of the *Foman* factors,"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence,* 316 F.3d at 1052.  The threat of prejudice is most acute with respect to a party being added.  *DCD Programs*, 833 F.2d at 187, citing *Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1400 (9th Cir. 1984) where the court said "[a]voiding prejudice to the party to be added thus becomes our major objective."   However, in *DCD Programs,* legal prejudice to an added party was not found when the case was still in the discovery stage and no trial date or pretrial conference was pending.  *DCD Programs*, 833 F.2d 188.  This is all the more so when, as here, the added party is a successor in interest to existing parties.

**IV.    ARGUMENT**

    **A.    Grant of Leave to Supplement and Amend Would Serve The Ends Of Justice**

There can be no doubt but that the ends of justice would be served by grant of leave to supplement and amend the First Amended Complaint.  The principal aim of the civil justice system is to permit a complainant to assert his/her complaint in the most cost efficient manner possible.  This goal is so important that Rule 1 of the Federal Rules of Civil Procedure explicitly

1  makes a "just, speedy and inexpensive" determination of a cause of action the administrative goal
2  of the Rules.  In this case, the addition of QT to the complaint would put all of the actors directly
3  responsible for the harm to AngioScore caused by infringement of the patent in suit in a single
4  forum and in a single action.  That is plainly the most just, speedy and inexpensive way to resolve
5  AngioScore's claim against the defendants and would also reduce the burden on the Federal
6  Courts of having to entertain a multiplicity of suits involving essentially the same facts and related
7  parties.

That QT is directly involved in the continuing infringement of the patent is unequivocally shown by the statements made on its website that defendant TriReme is its commercial arm for service of the United States market (Ex. 3 to Geriak Declaration) and that it is selling the Chocolate devices accused of infringement (Ex. 5 to the Geriak Declaration).  The latter statement establishes that QT has now assumed the role held by TriReme of infringing the patent in suit. Accordingly, we submit that it would be unjust to require AngioScore to pursue remedies against QT in a separate action when it can more conveniently do so in this action and that leave to supplement and amend would benefit the federal civil justice system by trying in one action before a single jury what would otherwise require two jury trials.  Hence supplementing and amending the First Amended Complaint plainly serves the ends of justice, which is a primary focus of the analysis required by the trial court in assessing motions under Subparts (a) and (d) of Rule 15.

### B.   Allowing This Supplementation And Amendment Causes No Prejudice

Allowing AngioScore to file its proposed Amended Complaint would not cause any legally cognizable prejudice to the Defendants nor to QT.  The focal point under both the existing complaint and the proposed Amended Complaint is the same:  patent infringement activities of Defendants and, now, their successor in interest, QT.  Moreover, due to the extremely close ties between the named Defendants and QT, the addition of QT as a defendant will not impose any substantial additional burden upon Defendants in terms of discovery or trial preparation, and will not impose any undue burden upon QT.  Indeed, AngioScore would not find itself having to seek the Court's permission to file its proposed Amended Complaint but for actions of Defendants.

The absence of prejudice is also readily apparent from the fact that this action is currently

in the early stages.  Formal discovery has only recently commenced; claim construction proceedings began only recently with the claim construction hearing set for November 15, 2013; fact discovery remains open for 120 days after issuance of the Court's claim construction Order; trial will not commence until 330 days after the Court's claim Construction Order.  (Dkt. No. 66). Plainly, Defendants and QT would not be deprived of any opportunity to locate or present facts or evidence, nor would they suffer any other prejudice by AngioScore's amendment at this nascent stage of the proceedings.

### C.   AngioScore Has Not Delayed Unreasonably And Is Not Acting In Bad Faith

In evaluating undue delay, courts inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F. 3d 946, 952 (9th Cir. 2006) citing *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990).  *See also Sierra Club v. Union Oil Co. of California,* 813 F.2d 1480, 1492-93 (9th Cir.1987), vacated on other grounds by *Union Oil Co. of California v. Sierra Club,* 485 U.S. 931, 108 S. Ct. 1102, 99 L. Ed. 2d 264 (1988). Clearly, there has been no significant or prejudicial delay here.  Based on publicly available information, AngioScore is informed and believes that the merger of named defendants Quattro and TriReme as well as the creation of the new company, QT, occurred after the May 31, 2013 deadline to file amended pleadings.  (Geriak Declaration, Exhibit 2).  AngioScore first learned of these events on or about September 5, 2013.  Thus, AngioScore has offered this supplementation and amendment expeditiously, within days of learning of events that transpired two months ago, namely, the merger of Quattro and TriReme and the creation of QT.  Accordingly, the facts and theories raised by the supplemented and amended complaint were not only unknown to AngioScore, they were <u>unknowable</u> when the First Amended Complaint was filed.

### D.   The Remaining *Foman* Factors Are Of No Relevance In This Case

The *Foman* standard also allows denial of leave to amend if a proposed amendment would fail to cure deficiencies in previous pleadings, or if the amendment would be futile.  371 U.S. at 182.  Here, no deficiencies have been found in any of AngioScore's prior pleadings; AngioScore simply seeks to set out events that transpired after the filing of its First Amended Complaint and

add infringement allegations against QT, the parent company of defendants Quattro and TriReme created as a result of the merger of named defendants Quattro and TriReme and a company with which Defendant Konstantino has an intimate business relationship. (Geriak Declaration, Exhibit 3). As shown in Exhibits 4-5 of the Geriak Declaration, QT maintains a place of business in the United States in Pleasanton, California at 7060 Koll Center Parkway and offers the Chocolate devices for sale.

Nor would AngioScore's new allegations against QT be futile. As the attached proposed Amended Complaint shows, AngioScore has alleged that particular products now offered by QT infringe, and have identified the particular patent laws implicated by QT's conduct. This is sufficient to state a claim and would not be a futile amendment. *See* Fed. R. Civ. P. 12(b)(6). *See also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

**V.    CONCLUSION**

For the foregoing reasons, AngioScore respectfully requests that this Court grant it leave to file its proposed Supplemental and Second Amended Complaint in this action and modify the Scheduling Order accordingly.

Dated: October 2, 2013         Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON, LLP

By:   */s/James W. Geriak*
      James W. Geriak
      Steven M. Hanle
      André De La Cruz

      Attorneys for Plaintiff
      ANGIOSCORE, INC.