

Knobbe | Martens
INTELLECTUAL PROPERTY LAW

KNOBBE MARTENS OLSON & BEAR LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

October 4, 2013

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

Attorneys for Defendants
TRIREME MEDICAL, INC. and
EITAN KONSTANTINO

SHEPPARD MULLIN RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626

Attorneys for Plaintiff
ANGIOSCORE, INC.

Honorable Yvonne Gonzalez Rogers
United States District Court
1301 Clay Street
Oakland, CA 94612

Re: *AngioScore, Inc. v. TriReme Medical, Inc., et al.*
Northern District of California Case No. CV 12-3393 YGR
Letter Brief – Request for Protective Order Regarding TriReme's Suppliers

Dear Judge Gonzalez Rogers:

Pursuant to Paragraph 8(b) of this Court's Standing Order, Defendants TriReme Medical, Inc. and Dr. Eitan Konstantino (collectively "TriReme") and Plaintiff AngioScore, Inc. ("AngioScore") jointly submit this letter brief summarizing a dispute concerning TriReme's suppliers. TriReme proposes that the parties adopt the same procedure for supplier contact as this Court has already ordered for customer contact. AngioScore objects that the relief requested is not analogous to the Court's previous order and is not appropriately submitted as a discovery dispute. The parties hereby attest that they met and conferred concerning the issues contained herein, in person, on August 22, 2013 and September 24, 2013.

### TriReme's Requested Relief

Pursuant to Fed. R. Civ. P 26(c)(1)(G), TriReme requests a protective order to keep confidential the identity of its suppliers, which would use the same procedure the Court has ordered to keep confidential the identity of its customers. (D.I. 75) Specifically, TriReme requests an order requiring that 1) all documents that identify TriReme's suppliers be treated as "Confidential-Attorneys' Eyes Only" and shall not be disclosed to AngioScore; 2) AngioScore shall not directly contact, or arrange for any contact, of any of TriReme's suppliers except as authorized by the Court; and 3) if AngioScore believes it has good cause to contact, or arrange for any contact, of any supplier identified by TriReme in discovery, the parties shall meet and confer to come to an agreement relating to the protocol governing supplier contact.

### TriReme's Statement

AngioScore has accused TriReme's Chocolate™ PTA Balloon Catheter of patent infringement, and TriReme has counterclaimed for tortious interference, false advertising, and unfair competition based upon AngioScore's improper communications with TriReme's customers, suppliers, and

investors. (D.I. 15.) On July 25, 2013 this Court issued an order limiting AngioScore's access to and use of TriReme's customer information, and required the following:

- All unredacted invoices produced by TriReme shall be treated as "Confidential-Attorneys' Eyes Only" by outside counsel for AngioScore and shall not be disclosed to AngioScore;

- Counsel for AngioScore shall not directly contact, or arrange for any contact, of any of Defendant TriReme's customers disclosed in discovery, except as authorized by the Court; and

- If counsel for AngioScore believed it has good cause to contact, or arrange for any contact, of any customer identified by TriReme in discovery, the parties shall meet and confer to come to an agreement relating to the protocol governing customer contact.

(D.I. 75) On August 16, counsel for TriReme contacted counsel for AngioScore to request that AngioScore follow the same protocol with regard to TriReme's suppliers. On August 22, counsel for both parties met and conferred in person, and AngioScore declined to extend the protocol to TriReme's suppliers. TriReme believes that this protection is necessary to protect its supplier information because AngioScore has continued to contact and disrupt TriReme's supplier relationships:

- AngioScore's CEO has contacted one of TriReme's suppliers and warned the supplier that AngioScore is sensitive to people working with Dr. Konstantino, TriReme's CEO. Mr. Trotter suggested that Dr. Konstantino engaged in illegal or wrongful conduct in developing the Chocolate™ PTA Balloon Catheter and further threatened that if the supplier continued to work with TriReme, AngioScore would no longer do business with him. As a result of these threats, the supplier is no longer willing to supply TriReme.

- AngioScore has also contacted a second supplier to disrupt its relationship with TriReme. As a result of that contact, that supplier initially changed the terms of its supply agreement to TriReme and has now notified TriReme that it will no longer supply TriReme with components for its medical devices, including the Chocolate™ PTA Balloon Catheter.

Federal Rule of Civil Procedure 26(c)(1)(G) permits courts, upon a showing of good cause, to issue a protective order that restricts the disclosure of confidential commercial information. Courts repeatedly have found that supplier names qualify as confidential commercial information subject to a protective order. *See, e.g.*, *Monster Cable Prods., Inc. v. Di Ve Rsified Repackaging Corp.*, 2011 U.S. Dist. LEXIS 90263, at *3, *6 (N.D. Cal. Aug. 12, 2011) ("Defendants' supplier information shall be designated highly confidential, attorneys' eyes only, and the information shall not be accessible to Plaintiff's in-house counsel."); *Adobe Sys. Inc. v. Kornrumpf*, 2011 U.S. Dist. LEXIS 80613, at *6 (N.D. Cal. Jul. 25, 2011) ("Defendants' supplier information shall be designated highly confidential, and the information shall not be accessible to Plaintiff . . . ."); *Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552, 554 n.2, 556 (C.D. Cal. 2007)(issuing a protective order providing that Defendant's supplier lists be designated "attorney's eyes only"). In addition, courts have limited a party's communication with the other party's business contacts where there is foreseeable risk of injury from such contact. *See, e.g.*, *Oak Valley Invs., L.P. v. Southwick*, Civ. No. 2:06-CV-737 DB, 2007 U.S. Dist. LEXIS 54087, at *6 (D. Utah July 24, 2007) ("Plaintiffs' counsel are specifically prohibited from contacting any of the customers identified in the information until further order of the court, upon motion, notice and hearing"); *Murata Mfg. Co., Ltd., v. Bel Fuse, Inc.*, 234 F.R.D. 175, 177, 184-186 (N.D. Ill. Mar. 15, 2006) (denying a motion to vacate a protective order directing Plaintiff not to contact any of Defendant's customers where the Court had found that there was a significant risk that customer relationships would

be disrupted should Plaintiff be allowed to contact them, and Plaintiff had alternative evidence it could use); *Volkswagenwerk Aktiengesellschaft v. Westburg*, 260 F. Supp. 636, 637-638 (E.D. Pa. 1966) (granting a protective order directing Plaintiff to refrain from initiating any contact with customers of Defendant regarding the subject matter of litigation or dealings between Defendant and its customers).

The circumstances in this case warrant the issuance of a protective order to restrict AngioScore's use of TriReme's supplier information. For these reasons, TriReme respectfully requests that the Court issue an order confirming that TriReme's supplier information shall be protected under the same protocol set forth in the Court's July 25, 2013 order.

### AngioScore's Statement

The relief sought by TriReme is not at all analogous to the Court's prior order. That order granted AngioScore's motion to compel documents from which TriReme had redacted customer information, but placed a condition on such disclosure that AngioScore's **counsel** may not contact customers disclosed in discovery absent Court approval. (D.I. 75.) In contrast, the present motion seeks injunctive relief against **AngioScore** (not merely its counsel), without regard to whether the information was produced in discovery and with respect to information AngioScore may already possess. Defendants are seeking an injunction without a shred of evidence, without due process and without even addressing the substantial burdens required for an injunction. With respect to TriReme's request that supplier information produced in discovery be treated as "Confidential-Attorneys' Eyes Only," that relief is already in place as the parties continue to operate under the Court's Interim Model Protective Order. Significantly, AngioScore advised TriReme that its requested injunctive relief should be requested through a fully-briefed motion, but TriReme refused. AngioScore had no reasonable alternative but to summarize its position in this letter brief; however AngioScore objects to this relief being decided based on TriReme's bare presentation without any evidence.

Among other things, Defendants' requested relief would restrain AngioScore from contacting AngioScore's own suppliers. For over ten years, AngioScore has developed, manufactured, and marketed angioplasty catheters. Consequently, AngioScore has developed a broad customer and supplier base. In 2010, Defendants chose to enter into the same market with their infringing products—attempting to exploit the same customers and suppliers that Defendant Konstantino gained knowledge of while he was employed by AngioScore. Defendants now seek to prohibit AngioScore from having any contact with these same suppliers. This would interfere with both AngioScore's ordinary business and its right to seek information relevant to this action, including the right to assess through conventional discovery the undocumented, unsworn and non-specific allegations set forth above and in Defendants' counterclaims. For example, on October 3, 2013, AngioScore received notice that Defendants have subpoenaed Ambrit Engineering Corp. and Creganna-Tactx Medical, who are apparently TriReme suppliers and who are current AngioScore suppliers. TriReme's requested relief would both: (1) preclude AngioScore from communicating with these suppliers in the ordinary course of business; and (2) preclude AngioScore from seeking discovery from these suppliers while Defendants themselves may do so freely.

Notably, it is by virtue of Defendants' own infringement and counterclaims that supplier information is relevant to this lawsuit. Defendants cannot now prevent ordinary business communications or AngioScore's ability to investigate Defendants' allegations. As the Court is now aware, Defendants' counterclaims are pled with minimal specificity and Defendants discovery responses are little better. AngioScore should not be prevented from seeking information that would enable it to dispose of those counterclaims. AngioScore submits that Defendants' counterclaims, and this motion,

are an attempt kick up dust to obscure the central issue of this case—Defendants' continued infringement of the asserted patent.

Defendants' cited cases do not support the requested injunctive relief. First, in *Monster Cable Prods. v. Diversified Repacking Corp.*, Judge Ryu did not bar <u>any</u> contact with the suppliers in question—in fact, the Court implicitly understood that contact would be necessary since the supplier names "are relevant to the identification of potentially contributing infringers and their identities cannot be ascertained through other reasonable means." 2011 U.S. Dist. LEXIS 90263, at *5 (N.D. Cal. Aug. 12, 2011). Likewise, in *Adobe Sys. Inc. v. Kornrumpf*, 2011 U.S. Dist. LEXIS 80613, at *6 (N.D. Cal Jul. 25, 2011), Judge Ryu again ordered that "Defendants provide Plaintiff with their supplier information" but, importantly, does <u>not</u> prohibit plaintiff's counsel from contacting the suppliers in question. Moreover, much like in the instant case, Judge Ryu specifically notes that Defendants themselves placed their supplier and customer information at issue "and cannot hide behind the discovery rules to strategically buttress their defense," or in this case, their spurious counterclaims. Lastly, and contrary to Defendants' position in this case, the court in *Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552 (C.D. Cal. 2007) ordered production of Defendant's customer and supplier lists—particularly noting that "[m]any cases involving claims of . . . infringement require the production of customer and supplier lists and such lists are customarily produced subject to an 'attorneys' eyes only' order" (*id.* at 556), which already exists in this case.

Markedly, Defendants fail to cite to a single case for the proposition that a party should be restrained from contacting <u>suppliers</u> when such information is both relevant to the claims and already known through the ordinary course of business. *Oak Valley Invs., L.P. v. Southwick*, Civ. No. 2:06-CV-737 DB, 2007 U.S. Dist. LEXIS 54087, at *6 (D. Utah July 24, 2007) (restricting contact with <u>customers of third party</u> where not relevant to plaintiffs' or defendants' claims); *Murata Mfg. Co., Ltd., v. Bel Fuse, Inc.*, 234 F.R.D. 175, 177, 184-186 (N.D. Ill. Mar. 15, 2006) (upholding restrictions on <u>customer</u> contact after extensive briefing where only relevant to commercial success that could be shown through other means—no interference counterclaims); *Volkswagenwerk Aktiengesellschaft v. Westburg*, 260 F. Supp. 636, 637-638 (E.D. Pa. 1966) (restricting <u>customer</u> contact in a trademark infringement case). Moreover, Defendants have failed to even attempt to meet the heavy burden to obtain injunctive relief, including a likelihood of success on the merits, irreparable harm, balance of hardships and the public interest. *See, e.g.*, *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1157 (9th Cir. 2007). The law, due process and basic fairness require that Defendants' motion be denied.

Pursuant to Civil Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from André De La Cruz, counsel of record for Plaintiff AngioScore, Inc.

| KNOBBE, MARTENS, OLSON & BEAR, LLP | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
|---|---|
| By: */s/ Sheila N. Swaroop* | By: */s/ Andre De La Cruz (With Permission)* |
| Attorneys for Defendants/Counterclaimants TRIREME MEDICAL, INC. AND DR. EITAN KONSTANTINO | Attorneys for Plaintiff/Counterdefendant ANGIOSCORE, INC. |