1  W. Gerard von Hoffmann, III (SBN 112,847)
   Gerard.vonHoffmann@knobbe.com
2  Joseph R. Re (SBN 134,479)
   Joe.Re@knobbe.com
3  Sheila N. Swaroop (SBN 203,476)
   Sheila.swaroop@knobbe.com
4  Joshua Stowell (SBN 246,916)
   Joshua.Stowell@knobbe.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, 14th Floor
6  Irvine, CA  92614
   Ph.:    (949) 760-0404
7  Fax:    (949) 760-9502

8  Attorneys for Defendants TRIREME MEDICAL, INC.
   and EITAN KONSTANTINO

9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13  ANGIOSCORE, INC.                    )  Civil Action No. 4:12-cv-3393-YGR
                                        )
14              Plaintiff,              )  **DEFENDANTS TRIREME**
                                        )  **MEDICAL, INC., AND EITAN**
15        v.                            )  **KONSTANTINO'S RESPONSE**
                                        )  **TO THE COURT'S ORDER TO**
16  TRIREME MEDICAL, INC.,              )  **SHOW CAUSE**
    EITAN KONSTANTINO, and              )
17  QUATTRO VASCULAR PTE LTD.           )
                                        )
18              Defendants.             )
                                        )
19                                      )
    TRIREME MEDICAL, INC., and          )  **Hon. Yvonne Gonzalez Rogers**
20  EITAN KONSTANTINO,                  )
                                        )  **Hearing: November 8, 2013**
21              Counterclaimants,       )  **Time:      9:30 a.m.**
                                        )
22        v.                            )
                                        )
23  ANGIOSCORE, INC.                    )
                                        )
24              Counterdefendant.       )
                                        )
25

26

27

28

Defendants TriReme Medical Inc., and Eitan Konstantino hereby responds the Court's order to show cause. (D.I. 93).  TriReme respectfully submits that its request for a protective order to address the scope of discovery of its suppliers was substantially justified in view of the Court's prior ruling regarding customer contact, the parties' initial discussions to use the protective order process to address supplier discovery, and TriReme's legitimate concerns regarding discovery of its suppliers.

In this lawsuit, AngioScore has accused TriReme's Chocolate™ angioplasty balloon catheter of patent infringement, and TriReme has asserted counterclaims, including tortious interference and unfair competition, due to AngioScore's ongoing contacts with third parties, such as TriReme's physician-customers.  During the course of this litigation, TriReme has also learned that AngioScore has contacted TriReme's third party suppliers, and this contact has disrupted TriReme's relationships with those suppliers.  TriReme has identified instances of supplier disruption to AngioScore in discovery.  (Ex. 1).

During a telephonic hearing in July 2013, this Court considered AngioScore's motion to compel unredacted invoices of TriReme's Chocolate™ balloon catheter and heard arguments from the parties regarding AngioScore's intent to contact the TriReme customers identified in those invoices.  At the conclusion of that hearing, the Court ordered production of the invoices and also issued a protective order governing contact of the TriReme customers identified in discovery.  (D.I. 75).

Shortly after the Court's order, AngioScore took the 30(b)(6) deposition of TriReme on the topic of manufacturing specifications and manufacturing methods for TriReme's Chocolate™ device.  (Ex. 2).  During that deposition, TriReme's designee was also asked questions regarding the identity of TriReme's suppliers.  At the outset of the deposition, before any supplier information was disclosed, AngioScore's counsel was willing to refrain from contacting TriReme's suppliers until the parties worked out an appropriate protective order.  *See* D.I. 96-2 at 11: ("I will agree that we will not contact any suppliers until we have a meet and confer with you, and if we can work out an agreement that would have the effect of an order, then we can.  If we can't, one or the other side will have the opportunity to go to

the judge and have the judge decide whether some restriction is necessary.")   During the deposition, AngioScore's counsel introduced documents produced by TriReme that identified TriReme's suppliers, and TriReme's designee confirmed the information contained in those documents.   Swaroop Decl. ¶ 4.   As a result, AngioScore was able to seek and obtain discovery on TriReme's suppliers during the 30(b)(6) deposition, and TriReme is arranging for a further deposition of its 30(b)(6) designee on additional supplier topics, now that TriReme has had the opportunity to investigate the confidentiality issues raised by AngioScore's questions at the deposition.  (Ex. 3).

At the conclusion of the deposition, TriReme reiterated its request that AngioScore refrain from contacting TriReme's suppliers until the parties could work out an appropriate protective order.  (Ex. 4)("I made the request again that you refrain from contacting any such third party until we can work out an appropriate protective order….").

On August 15, 2013, AngioScore's counsel conveyed its position that it was free to contact TriReme's suppliers.  D.I. 96-2 at 22.  On August 16, 2013, TriReme requested that AngioScore agree to a protocol for contact with suppliers, and counsel met and conferred in person  on two occasions in an attempt to work out a protocol for supplier contact, using the same protocol previously ordered by the Court for customer contact.  When those discussions were unsuccessful, TriReme provided AngioScore with the letter brief at issue here, which requested a protective order to protect further discovery of its suppliers and identified case law in which courts had limited a litigant's contacts with third parties.  TriReme believed that this requested relief was appropriate in view of the Court's previous rulings regarding customer contact, the cited case law allowing for restrictions on third party contact during litigation, and AngioScore's stated intent to contact TriReme's suppliers.  This was the first discovery brief submitted by TriReme.

## I.  <u>THIS COURT HAS DISCRETION TO DENY THE FEE REQUEST</u>

This Court has discretion to deny fees to the prevailing party where the motion was substantially justified, or where there are other circumstances making an award of expenses unjust. Fed.R.Civ.P. 37(a)(4)(B).  The Supreme Court has noted that "substantially justified"

means a "genuine dispute" where reasonable people could differ as to the appropriateness of the contested action. *See Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In considering motions for a protective order, other courts have denied expenses to the prevailing party where the motion was substantially justified. *High Point SARL v. Sprint Nextel Corp.*, 280 F.R.D. 586 (D. Kan. 2012)(denying fees and finding that moving party was substantially justified in filing a motion for protective order, even though moving party failed to sufficiently show that that its documents were misused); *Vieste, LLC v. Hill Redwood Development, Ltd.*, 2011 WL 2173782 (D.Nev. 2011)(denying sanctions where moving party had filed unsuccessful motion for protective order and untimely motion to quash, because reasonable people could differ as to the merits of the request); *U.S. Equal Employment Opportunity Commission v. Caesars Entertainments, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006)(denying sanctions where moving party's position in seeking a protective order to limit the scope of a Rule 30(b)(6) deposition was substantially justified); *Cuno Inc. v. Pall Corp.*, 117 F.R.D. 506 (E.D.N.Y. 1987)(denying fees where moving party was substantially justified in seeking a motion for a protective order to prevent the release of internal documents, even where moving party could not demonstrate good cause); *In re Yassai*, 225 B.R. 478 (1988)(denying fees even though moving party lacked standing to bring motion for a protective order). In each of these decisions, the Court declined to award fees even though the moving party was unable to make the showing required for the relief.

In comparison, none of the case law cited by AngioScore involved an award of fees due to the denial of a protective order. Two cases analyzed a fee award for a motion to compel discovery. *See Proa v. NRT Mid Atlantic, Inc.*, 633 F.Supp.2d 209, 212-13(D. Md. 2009)(discussing motion to compel discovery); *Green v. Baca*, 225 F.R.D. 612 (C.D. Cal. 2005). In the remaining cases, which also did not involve a request for a protective order, the Court reversed the district court's ruling. *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982)(reversing award of sanctions in connection with motion to compel interrogatory responses); *Robison v. Transamerica Ins. Co.*, 368 F.2d 37 (10th Cir. 1966)(vacating dismissal and allowing plaintiff to answer interrogatories).

## II.  TRIREME'S PROTECTIVE ORDER WAS SUBSTANTIALLY JUSTIFIED

TriReme respectfully submits that its request for a protective order was substantially justified in view of the discussions between counsel regarding the request for a protective order, the Court's prior ruling regarding customer contact, and AngioScore's stated intent to contact TriReme's suppliers. The legal basis for TriReme's request for relief was Fed.R.Civ.P. 26(c), which permits parties to seek a protective order to limit the scope of discovery and allows the Court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  The parties specifically discussed the use of a protective order to address the issue of supplier contact during TriReme's 30(b)(6) deposition.  *See* D.I. 96-2 at 10-11*;* Ex. 4.   In view of AngioScore's stated belief that it was free to contact TriReme's suppliers to obtain further discovery after that deposition, TriReme believed that a request for protective order was substantially justified, and believed that the Court's governing protocol for customer contact was an appropriate starting point to work out a protocol for contact with other third parties, such as suppliers.  Because the parties were unable to agree on that protocol, TriReme submitted a letter brief seeking a protective order that would extend the Court's existing order on customer contact and apply it to supplier contact.  TriReme respectfully submits that these circumstances demonstrate that its request was substantially justified and supports the denial of fees here.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 14, 2013

By:  */s/ Sheila N. Swaroop*
W. Gerard von Hoffmann, III
Joseph R. Re
Sheila N. Swaroop
Joshua Stowell
Attorneys for Defendants and Counterclaimants
TRIREME MEDICAL, INC.
and EITAN KONSTANTINO