**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANGIOSCORE, INC.,**<br>    **Plaintiff,**<br>vs.<br>**TRIREME MEDICAL, INC.,** *et al.*,<br>    **Defendants.** | Case No.: **12-CV-3393 YGR**<br><br>**ORDER RE: DISCOVERY LETTER BRIEF OF JANUARY 13, 2014** |

On January 13, 2014, Plaintiff AngioScore Inc. and Defendants TriReme Medical, LLC and Dr. Eitan Konstantino jointly submitted to the Court a discovery letter brief. (Dkt. No. 152.) In the letter brief, Plaintiff asks the Court: (1) to strike several of Defendants' objections to the production of purportedly relevant documents and to compel the full and complete production of documents responsive to Plaintiff's Request for Production No. 54 ("RFP No. 54"); and (2) to compel the continuing deposition of Elton Satusky, outside corporate counsel for Defendants. Both requests are **DENIED WITHOUT PREJUDICE**.

With respect to RFP No. 54, Plaintiff has made an insufficient showing that the documents requested are "relevant" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff characterizes the information requested as pertaining to the corporate structure of TriReme and associated Singaporean defendants Quattro Vascular PTE Ltd. and QT Vascular Ltd. and seeking to illuminate "the practical and legal relationship among the entities" for purposes of "obtain[ing] complete documentation of the development of the accused devices and the entities involved in its manufacture and sale . . . ." (Letter Brief at 1, 1.) Even taking that description at face value, Plaintiff does not articulate how information pertaining to the practical or legal relationship among the entities could lead to discovery of admissible evidence of

the development of the accused devices or otherwise bear on the issues in this patent infringement case.¹  Based upon this showing. Plaintiff's request does not make logical or transparent sense.

With respect to the request to compel a continued deposition of Mr. Satusky, the contours of the relief requested are unclear.  Plaintiff articulates neither the specific issues on which it seeks to depose Mr. Satusky further, nor the length of time needed for the continued deposition.  Without knowing what relief Plaintiff seeks, the Court is not inclined to grant Plaintiff's request.  The Court also finds Plaintiff's showing of evasiveness, though colorable, not entirely persuasive.

The Court is cognizant that it is an unenviable task to demonstrate evasiveness in a deposition without citing to the deposition transcript itself.  Accordingly, the Court **ORDERS** Plaintiff to file a brief of no more than five pages in length, in the form set forth in Civil Local Rule 7-4, which sets forth Plaintiff's bases for concluding that Satusky was evasive.  Plaintiff's brief shall include a transcript of the Satusky deposition, authenticated by affidavit or declaration, with the cited portions highlighted.  Plaintiff's brief is due no later than noon Pacific time on Friday, January 24, 2014.

No later than noon Pacific time on Wednesday, January 29, 2014, Defendants may submit a responsive brief of no more than five pages in length.  No reply is authorized and no hearing is ordered.

This Order terminates Docket No. 152.

**IT IS SO ORDERED.**

Dated: January 21, 2014

                                              **YVONNE GONZALEZ ROGERS**
                                      **UNITED STATES DISTRICT COURT JUDGE**

---

[1] The Court acknowledges that Plaintiff is concerned about Defendants playing a so-called "shell game" with multiple corporate entities, some of them created after the inception of this litigation. (Letter Brief at 1;  *see also* Dkt. No. 90 at 1, 3; Dkt. No. 121.) As explained at the motion hearing of November 8, 2013, the Court also perceives that Plaintiff may seek to make a veil-piercing argument in order to seek to hold the Singaporean entities liable for the acts of TriReme. (Dkt. No. 126 at 86:17-22.)  What the Court has yet to hear from Plaintiff is its explanation why the documents sought may lead to relevant, admissible evidence bearing on an issue in this case.