**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
714.513.5100 main
714.513.5130 fax
www.sheppardmullin.com

February 3, 2014

Hon. Yvonne Gonzalez Rogers
United States District Court
1301 Clay Street
Oakland, CA 94612

      Re:    *AngioScore, Inc. v. TriReme Medical, Inc., et al.*
              Northern District of California Case No. CV 12-3393-YGR
              <u>Discovery Letter Brief – Summary of Remaining Discovery Issues</u>

Dear Judge Rogers:

      Pursuant to the Court's Order dated January 30, 2014 (Dkt. No. 162), plaintiff and defendants jointly submit this letter brief outlining certain discovery issues. The parties hereby attest that they have met and conferred concerning the issues addressed herein, in person, on January 9, January 16, January 17, and January 27, 2014.

## Relief Requested by AngioScore

      AngioScore seeks an order compelling Defendants to: (1) produce John Borrell to complete his deposition (individually and 30(b)(6)); (2) produce witnesses on Topics 2, 6, 8, and 12 of AngioScore's 30(b)(6) Deposition Notice; (3) supplement their production of documents responsive to RFP Nos. 32-44 seeking updated sales data; (4) produce defendant Eitan Konstantino to complete his deposition (individually and 30(b)(6)); (5) produce Maria Pizarro to complete her deposition (individually and 30(b)(6)); and (6) comply with the deposition subpoena issued to Seifert Preclinical and Histopathology Services, LLC ("SPHS").

## Statement by AngioScore

***Issue #1** (Borrell deposition):* AngioScore commenced the deposition of John Borrell, individually and as TriReme's Rule 30(b)(6) designee as to marketing and sales of the accused product on January 15, 2014. AngioScore was not able to complete the deposition, and is entitled to do so, for at least the following reasons: (1) AngioScore is entitled to depose Mr. Borrell for up to 14 hours, 7 hours under FRCP 30(b)(1) and 7 hours as TriReme's Rule 30(b)(6) designee as to marketing and sales; (2) Defendants had not produced up to date sales information before the deposition (only through September **2012**) and AngioScore is entitled to take testimony with up-to-date sales information; (3) Defendants produced 27,000 additional pages of documents—doubling their total production—after Borrell's deposition and on the last day of fact discovery; and (4) Mr. Borrell reviewed a binder of documents to refresh his recollection and to prepare to testify on the Rule 30(b)(6) topics—thus, any work product protection has been waived—yet, Defendants refuse to produce those documents.

***Issue #2** (AngioScore's 30(b)(6)):* AngioScore served Defendants with a Rule 30(b)(6) Notice of Deposition with 14 topics that go to the core issues in this case. Defendants refused to designate and produce a witness as to four of the topics: Topic 2 ("The factual basis for Defendants' counterclaims and

**SheppardMullin**

alleged harm to Defendants'); Topic 6 ("All users of the Accused Devices"); Topic 8 ("All costs associated with the manufacture and sale of the Accused Devices"); and Topic 12 ("Defendants' defenses to infringement"). Federal Rule of Civil Procedure 30(b)(6) provides that "[t]he named organization must . . . designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . ." (Emphasis added.) Ample precedent in this District has compelled parties to designate witnesses in response to 30(b)(6) deposition notices. *See, e.g., Uniram Tech., Inc. v. Monolithic Sys. Tech., Inc.*, 2007 U.S. Dist. LEXIS 24869, at *6 (N.D. Cal. Mar. 23, 2007). Defendants' raised improper objections in connection with the topics at issue that should be overruled.

*Issue #3 (Complete and updated sales data):* Defendants have produced sales summaries that fail to include customer names, unit price for the sales and invoice total price. The reports produced include no information regarding pricing or revenue. TriReme's Rule 30(b)(6) deponent regarding sales testified that TriReme's accounting system can easily produce reports with this information. The production of such reports is standard in patent cases. Specifically, AngioScore seeks an up to date sales report including invoice number, date, Chocolate units sold, customer name and address, unit price and invoice total price from the commencement of sales through the present.

*Issue #4 (Konstantino deposition):* AngioScore commenced the deposition of Eitan Konstantino, President and CEO of Defendant TriReme, under Rule 30(b)(1). AngioScore proceeded with the understanding that Konstantino would be made available for at least a second day of deposition. This understanding is based on defense counsel's offer to make him available for *two days of deposition* in response to concerns raised by AngioScore at the hearing on November 13, 2013. In addition, AngioScore is entitled to another day of deposition because Dr. Konstantino submitted a declaration to the Court in support of Defendants' Motion for Summary Judgment of non-infringement. (D.I. 133-3). TriReme also designated Dr. Konstantino as the company spokesperson on Topic 2 to AngioScore's 30(b)(6) Notice to TriReme, yet TriReme now refuses to produce him to testify on that topic. AngioScore was not obligated to take the 30(b)(6) deposition on the same day as Konstantino's individual deposition. The need for additional deposition time is compelling considering that Konstantino is a central figure to many issues in this case— co-designer of the infringing device, and officer of three defendant entities (two of which deny being subjected to this Court's jurisdiction), and the subject of many of Defendants' counterclaim allegations.

*Issue #5 (Pizarro deposition):* AngioScore commenced the deposition of Maria Pizarro, individually and as TriReme's Rule 30(b)(6) designee as to six topics on January 17, 2014. AngioScore was not able to complete the deposition, and is entitled to do so, for at least the following reasons: (1) AngioScore is entitled to depose Ms. Pizarro for up to 14 hours, 7 hours under FRCP 30(b)(1) and 7 hours as TriReme's Rule 30(b)(6) designee as to 6 topics of AngioScore's notice (On December 27, 2013, counsel discussed the possibility that "Ms. Pizarro's deposition will not be completed in a single day since she is being deposed both as an individual and on multiple 30(b)(6) topics." Counsel agreed that "a deposition started on or before the discovery cutoff can be completed after if it is not possible to complete it before the cutoff." This agreement was confirmed by email on the same day.); (2) Defendants produced 27,000 additional pages of documents—doubling their total production—after Pizarro's deposition and on the last day of fact discovery; and (3) Ms. Pizarro was not properly prepared to testify as to certain topics on which she had been designated, including the conception and reduction to practice of the infringing Chocolate devices (for example, she did not know when Chocolate was conceived or by whom).

*Issue #6 (Seifert subpoena):* On January 6, 2014, AngioScore issued subpoenas for deposition and documents on SPHS and Dr. Paul S. Seifert. Defendants' counsel represents SPHS and Dr. Seifert in connection with the subpoenas. The subpoenas commanded that responsive documents be produced by January 15, 2014 at 10:00 a.m. and that the deposition proceed on January 17. Defendants counsel did not

**SheppardMullin**

produce documents until the afternoon of January 16, when they produced 1500 pages of documents. In light of the large production of documents hours before the deposition, AngioScore requested that Defendants provide a new date for the deposition. Defendants refused. The information sought from Dr. Seifert involves his recent comparison of the infringing Chocolate device with various other devices, including, standard balloon angioplasty devices, cutting balloons, and scoring balloons. This comparison is directly related to Defendants' noninfringement argument.

## Statement by TriReme and Konstantino

*Issue #1 (Borrell deposition):* AngioScore ended its deposition of Mr. Borrell, who had travelled from Minnesota to San Francisco to appear for the deposition, well before 7 hours, even though he was prepared to testify both as an individual and on his 30(b)(6) topics. The Federal Rules do not entitle a party to a second day of deposing a dual 30(b)(1) and 30(b)(6) witness. See *Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 162-63 (D. Del. 2001); *Sabre v. First Dominion Capital, LLC,* 2001 WL 1590544 at *2 (S.D.N.Y. Dec. 12, 2001); *EEOC v. Boeing Co.*, 2007 WL 1146446, at *2 (D. Ariz. Apr. 18, 2007). Updated sales data do not warrant another deposition, because TriReme had already produced Chocolate invoices through July 2013 and Mr. Borrell was prepared to testify on sales to date, but AngioScore chose not to ask him any questions on this topic. As to TriReme's document production. AngioScore has not identified any documents from that production as warranting a further deposition. Finally, the selection of documents in the witness binder is attorney opinion work product, and AngioScore never asked whether any, let alone all, of the binder refreshed Mr. Borrell's recollection, thus failing to lay a proper foundation to claim work product privilege was waived. See *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 565-66 (C.D. Cal. 2003); citing *Sporck v. Peil*, 759 F.2d 312, 317 (3rd Cir. 1985). All of these documents were already produced, and AngioScore is improperly seeking Defendant's opinion work product as to specific selection of documents.

*Issue #2 (AngioScore's 30(b)(6)):* Defendants designated Dr. Konstantino on Topic 2 prior to his December 17 deposition. AngioScore did not object, yet chose not to question Dr. Konstantino on this topic. TriReme objected to Topic 6 as vague as to "all users" because TriReme sells Chocolate to hospitals, not individual doctors who perform angioplasty. The identities of "all users" are known to the hospitals, not to TriReme. In addition, the doctors' identities are irrelevant since AngioScore is not seeking any damages under a theory of lost profits. To the extent it is relevant, then so would information regarding AngioScore's users, but AngioScore has not agreed to provide such information. For Topic 8, AngioScore marked TriReme's Statement of Operations as an exhibit in Mr. Borrell's deposition, which identifies, *inter alia,* all costs associated with the manufacture and sale of Chocolate. TriReme is willing to adopt the testimony of Mr. Borrell as its own. See *Sabre* 2001 WL 1590544 at *2 (A party may adopt prior testimony on a topic to obviate the need for a second deposition on that topic.) Topic 12 broadly seeks all of TriReme's defenses to infringement, and improperly seeks to shift AngioScore's burden as the opening party for providing expert discovery on infringement. TriReme did produce a witness for Topic 3, concerning the structure and operation of Chocolate, and produced discovery on non-infringement.

*Issue #3 (Complete and updated sales data):* Rule 34 cannot be used to compel the creation of documents, including summaries, that do not already exist. *Flying J, Inc. v. Pilot Travel Ctrs. LLC*, 2009 U.S. Dist. LEXIS 55283, *9 (D. Utah, June 25, 2009); *Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 415 (9th. Cir. 1978). The summaries that AngioScore seeks do not exist and cannot be easily generated. Nonetheless, Defendants have voluntarily generated summaries of sales revenue, quantities sold and profitability through November 2013. Defendants have also produced documents and witness testimony on Chocolate pricing.

**SheppardMullin**

***Issue #4** (Konstantino deposition):* AngioScore seeks multiple days of deposition of Dr. Konstantino even though it waited 17 months to depose him, and even though its lead counsel ended the deposition without asking any questions about the 30(b)(6) topic for which he was designated and prepared. A party is not entitled to two days with a dual 30(b)(1) and 30(b)(6) witness, s*ee Novartis Pharms.,* 203 F.R.D. at 162-63, even if the party did not seek any testimony concerning the 30(b)(6) topics. *Id*. This is also true for central figures, since their individual testimony is most likely to overlap with 30(b)(6) topics. See *Sabre,* 2001 WL 1590544 at *2. To the extent AngioScore is relying upon statements made at the hearing, the transcript indicates that, if AngioScore had taken an early deposition of Dr. Konstantino and he *then* submitted a summary judgment declaration, TriReme would have made Dr. Konstantino available for a follow-up deposition. But that did not happen here: When AngioScore deposed Dr. Konstantino, it already had his summary judgment declaration and questioned him extensively about it.

***Issue #5** (Pizarro deposition):* AngioScore is not entitled to 14 hours based on Ms. Pizarro's 30(b)(6) designation. See *Novartis Pharms.,* 203 F.R.D. at 162-63. While AngioScore suggested that some depositions could not be completed in a single day, Ms. Pizarro was prepared to testify as an individual and as a 30(b)(6) witness and to testify as late in the day as needed, but AngioScore chose to end its questioning. At the parties' meet and confer, AngioScore was unable to identify any document from TriReme's production that would provide a basis for reopening Ms. Pizarro's deposition. Ms. Pizarro was fully prepared as TriReme's designee: She testified that conception of the Chocolate device occurred in late 2009 and that Dr. Konstantino and Mr. Feld were involved. She also identified the first document that TriReme was provided regarding Chocolate. Moreover, conception and reduction to practice are concepts relevant to the '119 patent and its prosecution; they are not relevant to the infringement issues here.

***Issue #6** (Seifert subpoena):* AngioScore offers no excuse for waiting to subpoena Dr. Seifert, a busy third-party histopathologist, until only 11 days remained in fact discovery. Dr. Seifert worked diligently to comply. AngioScore informed Dr. Seifert that they had modified the deadline for his document production to 3 p.m. on Jan. 16, and Dr. Seifert's documents were received by AngioScore's counsel before 1 p.m. that day. The production consisted of 93 documents (totaling less than AngioScore's stated 1500 pages), many nearly identical. Counsel for Dr. Seifert had already flown from Irvine to Sacramento to meet with him in preparation when AngioScore stated it was unilaterally cancelling the deposition. Counsel for Dr. Seifert offered to delay the deposition's start time to accommodate document review, but AngioScore refused to proceed on the noticed date. AngioScore also made no effort to comply with L.R. 30-1, which requires a meet and confer regarding scheduling prior to noticing a deposition. Finally, Dr. Seifert's comparison of Chocolate to other devices is not relevant to whether Chocolate is covered by any claim of the '119 patent, because the '119 patent is a paper patent that is not embodied in any device.

Pursuant to Civil Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Sheila Swaroop, counsel of record for TriReme Medical, LLC.

| | |
|---|---|
| KNOBBE, MARTENS, OLSON & BEAR, LLC | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| By: /s/ *Sheila Swaroop* | By: /s/ *Andre De La Cruz* |
| Attorneys for Defendant and Counterclaimant TRIREME MEDICAL, LLC | Attorneys for Plaintiff and Counterdefendant ANGIOSCORE, INC. |