**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGIOSCORE, INC., <br><br>   Plaintiff, <br><br>   vs. <br><br> TRIREME MEDICAL, INC., *et al.*, <br><br>   Defendants. | Case No.: 12-CV-3393 YGR <br><br> ORDER REQUIRING SUPPLEMENTAL BRIEFING AND VACATING HEARING |

On February 26, 2014, plaintiff AngioScore, Inc. filed a motion for an order declaring that substitute service purportedly made upon defendants Quattro Vascular PTE Ltd. ("Quattro") and QT Vascular Ltd. ("QTV") was effective and that this Court has personal jurisdiction over those defendants. (Dkt. No. 176 and exhibits.) Quattro and QTV have not appeared in this action.

On March 12, 2014, defendants TriReme Medical LLC, f/k/a TriReme Medical, Inc., and Eitan Konstantino (collectively, "TriReme") filed an opposition to plaintiff's motion. (Dkt. No. 182.) TriReme spends the lion's share of the opposition arguing that: (i) service of process on QTV and Quattro is deficient; this Court has no personal jurisdiction over those entities; and plaintiff is not entitled to jurisdictional discovery. (*Id.* at 5-21.) However, TriReme also raises the threshold issue of whether plaintiff had a legal basis for its motion in the first instance. (*Id.* at 4.) TriReme asserts that the motion "violates QTV's and Quattro's due process rights by improperly attempting to preempt their ability under [Federal Rules of Civil Procedure] 12(b)(2) and 12(b)(5) to challenge this Court's exercise of personal jurisdiction and sufficiency of service." (*Id.* at 1.)

On March 19, 2014, plaintiff filed a reply. (Dkt. No. 186 and exhibits.) The reply, inter alia, proffers authority to show plaintiff's legal basis for its motion and argues that the motion is, in fact, unopposed because only TriReme responded, not Quattro or QTV. No defendant has had an opportunity to respond to either issue. The Court finds it appropriate to receive such a response.

Accordingly, the Court **ORDERS** the parties to file supplemental briefs on the following two issues:

1) whether plaintiff had a legal basis to bring its motion; and
2) whether TriReme (as opposed to Quattro or QTV) had authority to oppose the motion and, if not, what effect.

TriReme shall file its supplemental brief no later than seven days after the signature date of this Order. Plaintiff shall file a responsive supplemental brief no later than seven days after TriReme files its supplemental brief. Both briefs shall be limited to the issues stated in this Order and shall not exceed five pages in length, exclusive of supporting declarations or exhibits, or any associated administrative motion to seal.

In light of the need for supplemental briefing, the Court **VACATES** the motion hearing set for on April 8, 2014. If oral argument is required, the Court shall reschedule it at a later time.

**IT IS SO ORDERED.**

Dated: April 2, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**