1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

<table>
<tr><td>

8

9

10

11

12

13

**ANGIOSCORE, INC.,**

    **Plaintiff,**

    v.

**TRIREME MEDICAL, INC.,** *et al.*,

    **Defendants.**

</td><td>

**Case No.: 12-CV-3393 YGR**

**ORDER:**
1) **GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND;**
2) **DENYING WITHOUT PREJUDICE MOTIONS TO SEAL;**
3) **RESOLVING OUTSTANDING DISCOVERY DISPUTES; AND**
4) **AMENDING PRETRIAL AND TRIAL SCHEDULE**

</td></tr>
</table>

14    Issued concurrently is the Court's Order Granting in Part and Denying in Part the Motion for

15   Summary Judgment of Non-Infringement of defendants Eitan Konstantino, TriReme Medical, LLC,

16   Quattro Vascular Pte Ltd., and QT Vascular Ltd. (f/k/a QT Vascular Pte. Ltd.) (collectively,

17   "Defendants").  This Order resolves four other categories of pending matters: (1) the Motion for

18   Leave to File a Third Amended Complaint of plaintiff AngioScore, Inc. ("AngioScore") (Dkt. No.

19   202 ("Motion to Amend")); (2) six motions to seal (Dkt. Nos. 155, 184, 186, 199, 209, and 213); (3)

20   three discovery letter briefs (Dkt. Nos. 152, 163, and 215), and (4) amendments to the pretrial and

21   trial schedule necessary in light of the Third Amended Complaint and the Court's resolution of the

22   aforementioned discovery disputes.  The Court addresses those four topics in order.

23   **I.    MOTION TO AMEND**

24    The Motion to Amend is **GRANTED IN PART AND DENIED IN PART**.  AngioScore has leave to

25   file the proposed Third Amended Complaint attached as Exhibit A to its Motion to Amend, except for

26   the proposed sixth cause of action, for conversion, set forth therein.  (Motion to Amend, Ex. A

27   ("TAC"), ¶¶ 66-79.)  Under California law, an essential element of conversion is ownership of the

28   converted property.  *See, e.g., Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105,

1    1135 (2014), as modified on denial of reh'g (Feb. 27, 2014); *Los Angeles Fed. Credit Union v.*

2    *Madatyan*, 209 Cal. App. 4th 1383, 1387 (2012).  The proposed Third Amended Complaint lacks a

3    factual basis for its allegation of ownership, which is conclusory.  (*See* TAC ¶ 68.)  Moreover, the

4    Court agrees with Defendants (Dkt. No. 209 at 14) that AngioScore has no basis for alleging

5    ownership, given that Konstantino's Confidential Information and Invention Assignment Agreement

6    terminated April 1, 2007 (Dkt. No. 209-6 ("Swaroop Decl."), Ex. B (submitted under seal)) and the

7    record does not support a finding that the accused device, the "Chocolate" angioplasty balloon

8    catheter, was developed any earlier than 2009.  If Konstantino was not contractually obligated to

9    assign his inventions, AngioScore did not have a personal property interest in those inventions.

10           In reply, AngioScore argues, in essence, that AngioScore had a property interest in

11    Konstantino's inventions because of Konstantino's membership on AngioScore's board.  (Dkt. No.

12    214 at 13-14.)  The authority AngioScore cites in support, however, do not speak to the threshold

13    issue of ownership.  At most, they establish that imposition of a constructive trust is a potential

14    remedy for alleged breaches of fiduciary duty under the corporate opportunity doctrine.  *See* Cal. Civ.

15    Code § 2224; *Broz v. Cellular Info. Sys., Inc.*, 673 A.2d 148 (Del. 1996).  Because they do not speak

16    to the threshold issue of ownership, they do not rebut Defendants' showing of futility.  With respect to

17    the asserted claim of conversion only, Defendants make the requisite "strong showing" of futility

18    required to overcome the law's presumption in favor of leave to amend.  *Eminence Capital, LLC v.*

19    *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

20           The other claims all stem from allegations of Konstantino's breach of fiduciary duty, alleedly

21    learned during the course of discovery itself.  Defendants fall short of making the required showing of

22    prejudice or strong showing of futility, undue delay, or bad faith.  Defendants argue that they would

23    be prejudiced in light of discovery having closed and trial being set for September, but the Court's

24    recalibration of the discovery cutoff, other pretrial, and trial dates eliminates any legally cognizable

25    prejudice flowing from Defendants being made to defend the new claims.  In light of the claims, the

26    nature of any additional and necessary discovery is not yet apparent.  Further, Defendants make, at

27    most, a cursory showing of undue delay and bad faith.  Finally, as to futility, Defendants do not make

28    a strong showing.  As to Defendants' statute-of-limitations argument, Konstantino's own statements

United States District Court
Northern District of California

1   through counsel on February 23, 2010 support a prima facie case for equitable tolling.[1]  The Court

2   has considered, and rejects, Defendants' other futility arguments, except as related to the conversion

3   claim discussed above.

4        The Court **GRANTS IN PART AND DENIES IN PART** AngioScore's Motion to Amend.

5   AngioScore has leave to file its Third Amended Complaint, but for the conversion cause of action,

6   within **7 days** of the date of this Order.  Defendants' response to the Third Amended Complaint is due

7   **7 days** after its filing.

8   **II.  MOTIONS TO SEAL**

9        Now pending before the Court are six motions to seal.  (Dkt. Nos. 155, 184, 186, 199, 209,

10   and 213.)  All six motions are hereby **DENIED WITHOUT PREJUDICE**.

11        The public holds a presumptive right of access to public records, including pretrial filings in

12   civil cases.  *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119

13   (9th Cir. 2012).  Thus, under this Court's Civil Local Rule 79-5, the party who has designated an item

14   as sealable bears the burden of demonstrating that it is "privileged, protectable as a trade secret or

15   otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  In the context of information

16   proffered in support of dispositive motions or at trial, only a continuing, compelling reason will

17   justify sealing the information or keeping it under seal.  *See In re Midland*, 686 F.3d at 1119.

18        "[T]he usual presumption of the public's right to access does not apply to non-dispositive

19   motions with the same strength it applies to dispositive motions."  *Dugan v. Lloyds TSB Bank, PLC*,

20   12-CV-02549-WHA NJV, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) (citing *In re Midland*,

21   686 F.3d at 1119).  In the context of non-dispositive motions, the party seeking to place and keep

22   information under seal need only make a particularized showing of good cause.  *See id.* at *1-*2.  It is

23   insufficient to offer only bare allegations of harm, "unsubstantiated by specific examples or

---

25      [1] Konstantino resigned from AngioScore's board of directors on February 5, 2010.  (Dkt. No.

26   206 ("Hanle Decl."), Ex. 5.)  On February 10, 2010, AngioScore, through counsel, asked Konstantino to confirm in writing that, during his time on the Board, he had not been involved in the development of products that would compete with AngioScore's products.  (Swaroop Decl., Ex. C (submitted under

27   seal).)  On February 23, 2010, Konstantino replied, through counsel, that he had not.  (Swaroop Decl., Ex. D.)  Yet Konstantino estimated at his deposition that he had begun developing the accused

28   product in "late 2009."  (*See* Dkt. No. 206, Ex. 27, at 147:17-148:23.)

United States District Court
Northern District of California

articulated reasoning." *Id.* at *2.  Finally, whether the accompanying motion is dispositive or non-dispositive, any request to seal must be "narrowly tailored" to encompass only sealable information.  Civ. L.R. 79-5(b).

Here, the parties' numerous motions to seal fail to satisfy these basic standards for two reasons, either of which independently would supply a sufficient basis for denial of the motions.  First, the requests are, as a general matter, not narrowly tailored.  They seek to seal document exhibits in their entirety, as opposed to the sealable portion of such exhibits.  Second, the declarations offered in support of the requests offer, with rare exception, bare allegations of harm, as opposed to articulated reasoning.  The parties' motions impose an undue burden on the Court.  To grant the motions, the Court would have to ascertain which portions of the voluminous exhibits filed under seal were in fact sealable, and do so using the Court's sense of what specific justification for sealing the parties might have offered.  Alternately, the Court could simply deny the motions outright and place all the submitted material into the public record forthwith; the Court cannot say, however, from its review of the record that none of the material is sealable.  A better course, therefore, is to allow the parties a final opportunity to address the relevant standard with the requisite specificity.

Accordingly, the parties' pending administrative motions to seal are **DENIED WITHOUT PREJUDICE**.  The respective designating parties shall submit amended declarations and exhibits in support of the sealing requests now before the Court ("Subject Requests").  As to the amended declarations, each designating party's amended declaration shall specifically address each and every exhibit designated for sealing by that party in the Subject Requests.  Consistent with the guidance herein, the designating party shall: identify each exhibit they designated for sealing; state whether they still seek to seal it; and, if so, what portion of the exhibit and why.  If a long, substantive explanation pertains to more than one designation, a "cross-reference" can be used in lieu of repeating the same explanation.  As to the amended exhibits, pursuant to Civil Local Rule 79-5, the exhibits shall be submitted in both public/redacted and nonpublic/unredacted form.  The nonpublic version shall be highlighted to reflect the purportedly sealable portion.

Filed concurrently with the amended submissions, the parties shall provide the Court with a substantive proposed form of order using a chart format to identify each and every designation for

which sealing is requested and a column for the Court's ruling.  The chart shall be organized to allow the Court simply to enter a ruling as it proceeds through the requests from beginning to end.

The amended declarations and exhibits shall be filed no more than **14 days** from the date of this Order.  A designating party's failure to submit timely an amended declaration shall result in denial *with* prejudice of that party's sealing requests.

## III.    DISCOVERY LETTER BRIEFS

With respect to the three joint discovery letter briefs (Dkt. Nos. 152, 163, and 215), good cause appearing, the **COURT ORDERS AS FOLLOWS**:

1.    AngioScore's requests in Docket 152 seeking additional corporate information are **DENIED**, to the extent not already moot by the appearance of defendant Quattro Vascular Pte. Ltd.

2.    AngioScore's requests in Docket 163 are **GRANTED IN PART AND DENIED IN PART**:

    a.    Issue 1: With respect to a second day of deposition of John Borrell, the request is **GRANTED** but the deposition shall occur in Minnesota.

    b.    Issue 2: With respect to the additional deposition of a 30(b)(6) designee on the topics identified, the request is **DENIED** unless otherwise encompassed in an authorized deposition.

    c.    Issue 3: With respect to the request of updated summaries, the request is **DENIED**.

    d.    Issue 4: With respect to a second day of deposition of Eitan Konstantino, the request is **GRANTED**.

    e.    Issue 5: With respect to a second day of deposition of Maria Pizarro, the request is **GRANTED**.

    f.    Issue 6: With respect to the deposition of Dr. Paul S. Seifert, the request is **GRANTED**.

3.    Plaintiff's requests in Docket 215 requesting Rule 26(a) disclosure from defendants QT Vascular Ltd. and Quattro Vascular Pte. Ltd. is **GRANTED**.  Said disclosures shall be provided within **21 days** of the date of this Order.

United States District Court

Northern District of California

The **COURT FURTHER ORDERS** that all parties update all disclosures and responses to written discovery within **30 days** of the date of this Order.

Within **7 days** of the date of this Order, the parties shall meet and confer on the necessity of any additional targeted discovery that may be appropriate in light of the Court's granting of the Motion to Amend.  The parties shall file a joint statement regarding the same by **July 7, 2014.**

## IV.    AMENDED PRETRIAL AND TRIAL SCHEDULE

In light of the parties' previous request to modify the pretrial schedule until after the Court's ruling on Defendants' summary judgment motion, as well as the Court's partial granting of AngioScore's Motion to Amend and the discovery orders in Section III *supra*, the Court **HEREBY FINDS** that good cause appears to amend the pretrial schedule.  Fed. R. Civ. P. 16.

The **COURT ORDERS AS FOLLOWS:**

### AMENDED PRETRIAL AND TRIAL SCHEDULE

| | |
|---|---|
| CASE MANAGEMENT CONFERENCE: | Monday, August 25, 2014 at 2:00 p.m. |
| PRIVATE MEDIATION TO BE COMPLETED BY: | July 31, 2014 |
| THIRD AMENDED COMPLAINT TO BE FILED BY: | 7 days after this Order |
| NON-EXPERT DISCOVERY CUTOFF (TO THE EXTENT SET FORTH HEREIN): | July 31, 2014 |
| DISCLOSURE OF EXPERTS (RETAINED/NON-RETAINED): | Opening: August 29, 2014<br>Rebuttal: September 19, 2014 |
| EXPERT DISCOVERY CUTOFF: | October 10, 2014 |
| DAUBERT MOTIONS (OR AUTHORIZED SUMMARY JUDGMENT FROM PLAINTIFF)[2] TO BE FILED BY: | November 4, 2014 (Hearing 12/16/2014) |
| COMPLIANCE HEARING[3] | Friday, January 16, 2015 at 9:01 a.m. |

[2] *See* the undersigned's Standing Order in Civil Cases regarding Pre-filing Conference Requirements for motions for summary judgment.

[3] As previously ordered, pursuant to the Court's Pretrial Instructions in Civil Cases at Section 2, trial counsel shall meet and confer at least twenty-one (21) days in advance of the Pretrial

United States District Court
Northern District of California

| | |
|---|---|
| JOINT PRETRIAL CONFERENCE STATEMENT: | January 23, 2015 |
| PRETRIAL CONFERENCE: | Friday, February 6, 2015 at 9:00 a.m. |
| TRIAL DATE AND LENGTH: | Wednesday, February 25, 2015 at 8:30 a.m. for 7-10 days (Jury Trial) |

This Order terminates Docket Nos. 152, 155, 163, 184, 186, 199, 202, 209, 213, and 215.

**IT IS SO ORDERED.**

Dated: June  25, 2014

_____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

Conference.  The compliance hearing is intended to confirm that counsel have timely met and conferred as required by the Pretrial Instructions.  The compliance hearing shall be held in the Federal Courthouse, 1301 Clay Street, Oakland, California, in Courtroom 1.  Five (5) business days prior to the date of the compliance hearing, the parties shall file a one-page JOINT STATEMENT confirming they have complied with this requirement or explaining their failure to comply.  If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar.  Telephonic appearances will be allowed if the parties have submitted a joint statement in a timely fashion. Failure to do so may result in sanctions.

7