United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIOSCORE, INC.,<br>      Plaintiff,<br>    v.<br>TRIREME MEDICAL, INC., et al.,<br>      Defendants. | Case No.  12-cv-03393-YGR   (JSC)<br><br>**ORDER TO SHOW CAUSE RE: JOINT LETTER RE: SPECTRANETICS SUBPOENA**<br><br>Re: Dkt. Nos. 345, 348 |

      Plaintiff AngioScore, Inc. asserts claims for patent infringement and violation of state law against Defendants TriReme Medical, LLC, Eitan Konstantino, Quattro Vascular Pte Ltd., and QT Vascular Pte. Ltd.  Now pending before the Court is a motion to quash three subpoenas issued to third-party Spectranetics Corporation, AngioScore's new corporate parent.  (Dkt. Nos. 345 & 348.)  Because it appears that the Court lacks jurisdiction over any such motion to quash pursuant to Federal Rule of Civil Procedure 45(d)(3), the Court hereby orders the moving party to SHOW CAUSE as to why the motion should not be dismissed for lack of jurisdiction.

      Federal Rule of Civil Procedure 45, which governs the issuance of subpoenas, was substantially amended in 2013.  Relevant here are the amendments that concern motions to quash subpoenas issued pursuant to Rule 45.  The amended version of Rule 45 requires that subpoenas be issued from the court where the action is pending. Fed. R. Civ. P. 45(a)(2).  Although the prior version of the Rule gave the issuing court jurisdiction over motions to quash subpoenas, *see* Fed. R. Civ. P. Rule 45(c)(3) (2012), the current version of the Rule provides that "the court for the district where compliance is required" has jurisdiction to quash or modify subpoenas, *see* Fed. R. Civ. P., Rule 45(d)(3) (2014).  Thus, "[u]nder the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court

1    lacks jurisdiction to resolve the motion." *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 14-CV-0708,
2    2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014).

3          The three subpoenas at issue here were properly issued by the United States District Court
4    for the Northern District of California—the district where this action is pending.  The subpoenas,
5    however, all require compliance in another district; namely, the United States District Court for
6    the District of Colorado.  The August 1, 2014 subpoena requires compliance in Colorado Springs,
7    Colorado where Spectranetics is headquartered.  (Dkt. No. 348 at 9.)  The October 1, 2014
8    subpoena is likewise directed at Spectranetics, although it lists the place of compliance as "c/o
9    Brian Daniz Wilson Sonsini Goodrich & Rosati P.C. 650 Page Mill Road, Palo Alto, CA 94304."
10   (Dkt. No. 348 at 23.)  The October 17, 2014 subpoena requires compliance at the same Colorado
11   Springs address as the August 1 subpoena.  (Dkt. No. 348 at 32.)  The motion to quash was
12   nonetheless filed in the United States District Court for the Northern District of California.

13         As the August 1 and October 17 subpoenas require compliance in another district, this
14   Court lacks jurisdiction over any motion to quash.  *See* Fed. R. Civ. P., Rule 45(d)(3).  The
15   October 1 subpoena appears invalid on its face as it is likewise addressed to the Spectranetics
16   Corporation, which is headquartered in Colorado Springs, but requires compliance at the office of
17   Plaintiff's counsel Mr. Daniz in Palo Alto.  This contravenes Rule 45(c)(2)'s requirement that a
18   subpoena command "production of documents, electronically stored information, or tangible
19   things at a place within 100 miles of where the person resides, is employed, or regularly transacts
20   business in person."

21         Finally, the Court notes that it is unclear on whose behalf the motion to quash is made.
22   Prior to the 2013 amendments to Rule 45 courts routinely held that "[o]rdinarily a party has no
23   standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the
24   objecting party claims some personal right or privilege with regard to the documents sought."
25   *United States v. Real Prop. & Improvements Located at 2441 Mission St., San Francisco,*
26   *California,* No.13-2062, 2013 WL 6774081, at *1 (N.D. Cal. Dec. 23, 2013) (internal citation and
27   quotation marks omitted).  The 2013 Amendments to Rule 45 replaced "party" in the text of the
28   rule with "person."  *See* Rule 45(a)(1)(D), Advisory Comm. Notes 2013 Amendments ("'person'

is substituted for 'party' because the subpoena may be directed to a nonparty.") However, there is no indication in the advisory committee notes that the amendments were intended to broaden the scope of who has standing to move to quash a subpoena. Courts that have considered the issue of standing following the 2013 amendments have assumed that the standing requirements remain unchanged. *See, e.g.*, *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, No. CV-12-08261, 2014 WL 2804276, at *3 (D. Ariz. June 20, 2014) (noting that there was an issue with respect to a non-party's standing to quash a subpoena on another non-party's behalf pursuant to Rule 45(d)(3)(A)); *Wells Fargo Bank, N.A. v. Iny*, No. 13-CV-01561, 2014 WL 1796216, at *1 (D. Nev. May 6, 2014) (noting that "a party has no standing to seek to quash a subpoena issued to a non-party to the action"); *California Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (noting that "the general rule [] is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought"). Here, the letter brief moving to quash the subpoenas is filed by Plaintiff AngioScore's counsel and is written variously from the point of view of AngioScore and Spectranetics. Notably, Defendants appear to assume the motion is brought on behalf of Spectranetics. Accordingly, in responding to this Order to Show Cause, the moving party shall clearly identify itself.

For the reasons explained above, the moving party shall SHOW CAUSE as to how the Court has jurisdiction over the underlying subpoenas. The response shall take the form of a joint letter brief in accordance with this Court's Standing Order such that Defendants have the opportunity to respond to the moving party's response to the Order to Show Cause. The joint letter brief shall be filed by November 14, 2014.

**IT IS SO ORDERED**.

Dated: November 7, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3