UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIOSCORE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TRIREME MEDICAL, INC., et al.,<br><br>    Defendants. | Case No.  12-cv-03393-YGR   (JSC)<br><br>**ORDER RE: JOINT LETTER BRIEF -- FELD DEPOSITION**<br><br>Re: Dkt. No. 355 |

Plaintiff AngioScore, Inc. asserts claims for patent infringement and violation of state law against Defendants TriReme Medical, LLC, Eitan Konstantino, Quattro Vascular Pte Ltd., and QT Vascular Pte. Ltd.  Now pending before the Court is a Joint Letter Brief regarding the upcoming deposition of non-party Tanhum Feld.  Having considered the parties' briefs and having had the benefit of oral argument on November 10, 2014, the Court hereby DENIES Plaintiff's requests that the Court either require the deposition to proceed under the federal rules or bar Defendants from relying on any testimony obtained during his deposition.

Defendant, Dr. Konstantino, noticed the deposition of non-party Tanhum Feld to take place in London, England on November 14, 2014.  Mr. Feld is alleged to have played a role in the development of the accused device.  Although neither party attached the deposition notice, Defendants represent that the deposition is proceeding under Federal Rule of Civil Procedure 28(b)(1)(C) which states that "a deposition may be taken in a foreign country" "on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination." Fed. R. Civ. P. 28(b)(1)(C).  According to Defendants, all parties will have the opportunity at the deposition to question Mr. Feld regarding Plaintiff's newly added state law claims.  Plaintiff previously obtained Mr. Feld's deposition with respect to the patent

1 infringement claims via the letter rogatory process.

2 Plaintiff seeks an order requiring that Mr. Feld's deposition occur in accordance with the
3 Federal Rules of Civil Procedure; however, Plaintiff has cited to no authority suggesting that
4 Defendant's deposition noticed pursuant to Federal Rule of Civil Procedure 28(b)(1)(C) is invalid.
5 Plaintiff's reliance on 28 C.F.R. § 92.56 is also misplaced—that provision was issued by the
6 Department of State, involves the authority of embassy and consular officers to take depositions,
7 and does not supersede the Federal Rules.  Indeed, 28 C.F.R. § 92.55 states "[t]he taking of
8 depositions for federal courts of the United States is further governed by the Federal Rules of Civil
9 Procedure."  At bottom, Plaintiff's objection to Mr. Feld's deposition is that it would like to have
10 Mr. Feld produce certain unspecified documents at the time of his deposition.  However, Plaintiff
11 could have served a letter rogatory requesting that Mr. Feld produce certain documents; notably,
12 this is the same process it followed in securing his initial deposition.  That the process can be
13 lengthy and the close of discovery is approaching does not excuse Plaintiff from following the
14 proper procedures nor does it provide a basis to prohibit Defendants from taking a properly
15 noticed deposition.  Nonetheless, as explained at oral argument, it would behoove Defendants,
16 who are alleged to have friendly relationship with Mr. Feld, to make the deposition as fair to both
17 sides as possible, including through providing both sides the opportunity to request documents
18 from Mr. Feld.  The Court cannot require Defendants or Mr. Feld to do so, but when it comes to
19 the admissibility of his testimony at trial, the more fair and reasonable the conditions of the
20 deposition the better the case for admissibility.

21 Accordingly, Plaintiff's request for relief with respect to the forthcoming deposition of Mr.
22 Feld is DENIED.

23 This Order disposes of Docket No. 355.

24 **IT IS SO ORDERED**.

25 Dated:  November 12, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2