1

2

3

4

5

6

7

8

9            UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12   ANGIOSCORE, INC.,                          Case No.  12-cv-03393-YGR   (JSC)

                  Plaintiff,
13
                                                **ORDER RE: JOINT DISCOVERY**
14        v.                                     **LETTER BRIEF RE: SPECTRANETICS**
                                                **SUBPOENAS**
15   TRIREME MEDICAL, INC., et al.,
                                                Re: Dkt. Nos. 376, 378
16                Defendants.

17         Plaintiff AngioScore, Inc. asserts claims for patent infringement and violations of state

18   law against Defendants TriReme Medical, LLC, Eitan Konstantino, Quattro Vascular Pte Ltd., and

19   QT Vascular Pte. Ltd.  On November 3, 2014, the parties filed a Joint Discovery Letter Brief

20   wherein AngioScore sought to quash three subpoenas issued to its new corporate parent, non-party

21   Spectranetics Corporation. (Dkt. Nos. 345.)  Because two of the subpoenas required compliance in

22   another district, this Court issued an Order to Show Cause regarding its jurisdiction to hear any

23   motion related to these subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3). (Dkt. No.

24   356.)  The parties have filed responses to the Court's Order to Show cause contending that the

25   Court has jurisdiction to hear the motion to quash notwithstanding the language of Rule 45(d)(3),

26   or alternatively, seeking to have the motion construed as a motion for protective order. (Dkt. No.

27   376 & 378.)  Having considered the parties' briefs and the relevant authority, the Court concludes

28   that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion in part.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**DISCUSSION**

2       The three Spectranetics subpoenas were issued by the United States District Court for the

3  Northern District of California—the district where this action is pending.  However, the two

4  subpoenas at issue here require compliance in another district; namely, the United States District

5  Court for the District of Colorado which is where Spectranetics has its headquarters.[1]  (Dkt. No.

6  348 at 9 (August 1, 2014 subpoena) & 32 (October 17, 2014 subpoena).)  The motion to quash

7  was nonetheless filed here in the United States District Court for the Northern District of

8  California.

9       **A.  The Motion to Quash is Procedurally Defective**

10       Federal Rule of Civil Procedure 45, which governs the issuance of subpoenas, was

11  substantially amended in 2013.  Relevant here are the amendments that concern motions to quash

12  subpoenas issued pursuant to Rule 45.  The amended version of Rule 45 requires that subpoenas

13  be issued from the court where the action is pending. Fed. R. Civ. P. 45(a)(2).  Although the prior

14  version of the Rule gave the issuing court jurisdiction over motions to quash subpoenas, *see* Fed.

15  R. Civ. P. Rule 45(c)(3) (2012), the current version provides that "the court for the district where

16  compliance is required" has jurisdiction to quash or modify subpoenas, *see* Fed. R. Civ. P.

17  45(d)(3) (2014). Thus, "[u]nder the current version of the Rule, when a motion to quash a

18  subpoena is filed in a court other than the court where compliance is required, that court lacks

19  jurisdiction to resolve the motion." *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 14-CV-0708, 2014

20  WL 4079555, at *3 (D. Nev. Aug. 15, 2014).

21       As the August 1 and October 17 subpoenas require compliance in another district, the

22  Court ordered the parties to show cause as to the Court's jurisdiction over the motion to quash in

23  light of Rule 45(d)(3).   In response to the Court's Order, AngioScore and non-party Spectranetics

24  _____

25  [1] The third subpoena dated October 1, 2014 is not at issue.  As the Court noted in its prior Order, that subpoena was invalid on its face.  (Dkt. No. 356.)  Although the October 1 subpoena is

26  likewise directed at Spectranetics, the subpoena lists the place of compliance as "c/o Brian Daniz Wilson Sonsini Goodrich & Rosati P.C. 650 Page Mill Road, Palo Alto, CA 94304," which is well

27  beyond the 100 mile subpoena power set forth in Federal Rule of Civil Procedure 45(c)(2).  *See* Fed. R. Civ. P. 45(c)(2)(authorizes a subpoena to command "production of documents,

28  electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.").

submitted a joint statement contending that the Court has jurisdiction to hear the motion to quash because the compliance court, the District Court for the District of Colorado, has the authority to transfer the motion to this Court had it been filed there and all the parties—Plaintiff, Defendants, and non-party Spectranetics—agree that the matter should be decided by this Court.[2] Thus, they argue that in the interests of judicial economy, this Court should agree to hear the matter in the first instance.

The Amendments to Rule 45 governing subpoena-related motions were adopted "[t]o protect local nonparties" and provide for "local resolution of disputes about subpoenas" thus "the limitations of Rule 45(c) and the requirements of Rule 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)." Fed. R. Civ. P. 45 advisory committee's note 2013 amend. Recognizing that "transfer to the court where the action is pending is sometimes warranted," subsection (f) authorizes transfer on consent of the subpoenaed party or if the court finds exceptional circumstances. *Id.* Here, the Court faces a unique situation where the non-party and all the parties to the action consent to having the dispute decided here; thus, were this Court to deny the motion and require its filing in the District of Colorado, the court there would likely simply transfer the motion here under Rule 45(f). Plaintiff and non-party Spectranetics argue that this would not serve the purpose of the Federal Rules which is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Thus, although Plaintiff and its parent could have easily avoided this situation by moving to quash the subpoena in the proper district in the first instance, or re-filing their motion to quash in the proper district when first alerted to the deficiencies in their motion via the Court's November 7, 2014 Order, the Court will not require them to do so now. The amendments to the rule were designed to protect the subpoenaed party and "the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Best W. Int'l, Inc. v. Doe*, No. 06-1537, 2006 WL 2091695, at *2 (D. Ariz. July 25, 2006) (internal citation and

United States District Court
Northern District of California

---

[2] Non-party Spectranetics is represented by the same counsel as Plaintiff AngioScore

United States District Court
Northern District of California

quotation marks omitted); *see also Straily v. UBS Fin. Servs., Inc.*, No. 07-00884, 2008 WL 5378148, at *2 (D. Colo. Dec. 23, 2008)("It is beyond cavil [] that the broad outlines of discovery in a civil case are controlled by the court where the case is filed.").  The Court thus exercises its inherent authority under Federal Rule of Civil Procedure 26(c) which provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and considers whether the discovery here poses an undue burden on the non-party.  Fed. R. Civ. P. 26(c)(1).  However, the parties are now on notice as to the requirements of amended Rule 45 and are expected to comply with those procedures in the future.

## B. The Subpoenas are Unduly Burdensome

District courts have broad discretion to determine whether a subpoena is unduly burdensome.  *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). A subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation.  *See Mattel, Inc. v. Walking Mountain Prods*., 353 F.3d 792, 813–14 (9th Cir. 2003).  "[A]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party," and requires the court's consideration of "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)(internal citation and quotation marks omitted).

There are two subpoenas at issue here—one for documents and the other for a deposition of a person knowledgeable regarding nine different topics.  Defendants contend that the subpoenas are narrow in scope and seek information relevant to the case.  However, this characterization is belied by Defendants' own identification of the matters sought: the document subpoena "includes[s] 9 requests seeking materials related to: Chocolate, [the accused product], Glider (TriReme's predecessor product to Chocolate), the four named defendants, AngioScore's financial condition, ownership interests in angioplasty devices by Spectranetics' board members, and corporate opportunities disclosed by Spectranetics' Board members to the company since 2009."

United States District Court
Northern District of California

(Dkt. No. 345-4 n. 3; *see also* Dkt. No. 348 at 14-15 (August 1, 2014 subpoena).)  Although the bulk of these requests are limited to a six-month period, the requests concerning Spectranetics' board members span a five-year period.  Further, the request regarding AngioScore's financial condition, although limited in time, is overboard is scope:  "All DOCUMENTS RELATING TO AngioScore Inc.'s financial condition that YOU created, received or reviewed from January 1, 2014 to June 30, 2014, including DOCUMENTS provided to you by ANGIOSCORE during due diligence RELATING TO AngioScore, Inc.'s financial statements, AngioScore, Inc.'s financial forecasts, AngioScore, Inc.'s market share, or the market for AngioScore, Inc.'s products."  (Dkt. No. 348 at 15, Request No. 7.)  This request includes a whole host of documents which are irrelevant to Defendants' asserted need; namely, determining "AngioScore's ability to acquire and/or exploit any new products, including Chocolate."  (Dkt. No. 345-5 at 4.)

The deposition subpoena is likewise overboard as it seeks testimony regarding nine topics which track the document requests, as well as information regarding "(i) the negotiations leading up to the final terms of the escrow agreement, and (ii) any assessment of the litigation by Spectranetics, AngioScore, or their bankers." (Dkt. No. 345-4 n.3; *see also* Dkt. No. 345-6 at 8-9 (October 17, 2014 subpoena).)

In addition to over breadth issues, the Court fails to see the relevance of much of the information sought in these subpoenas.  Defendants contend that the discovery is relevant to whether the breach of fiduciary duty claims were brought in good faith, the corporate opportunity claim and the equitable defenses of laches, estoppel, statute of limitations, and damages; however, Defendants' cursory statement that the documents sought are relevant to these topics is insufficient, especially as to topics that appear tangential to the issues in this case, such as Spectranetics' valuation of AngioScore, the terms of the litigation escrow, and the business opportunities or ownership interests of members of Spectranetics' Board of Directors.

Defendants' failure to demonstrate that their need for the documents, that is, the documents' relevance to the case, outweighs any burden on the subpoenaed party may stem from their erroneous assertion that the non-party bears the burden of showing non-relevance.  (*See* Dkt. No. 345-4 at 3 (stating that Spectronics "fails to meet its burden of showing the discovery sought

5

by [Defendants] is not relevant to the claims and defenses in this action).)  "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."  *Optimize Tech. Solutions, LLC. v. Staples, Inc*., No. 14–MC–80095, 2014 W L 1477651, at * 2 (N.D.Cal. Apr. 14, 2014) (internal quotation marks and citation omitted); *see also EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, 2012 WL 1980361 *1 (N.D. Cal. June 1, 2012) ("Although the party who moves to quash has the burden of persuasion under Rule 45(c)(3), the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.") (internal quotation marks and citation omitted).  Defendants' conclusory statements regarding the relevance of the documents sought fail to satisfy their burden to demonstrate relevance.

In sum, the Court has weighed the burden of the subpoenas on non-party Spectranetics against the minimal value of this information to Defendants and concludes that it poses an undue burden on the non-party.  *See Moon v. SCP Pool Corp*., 232 F.R.D. 633, 637 (C.D. Cal. 2005).

**C.   Administrative Motions to Seal**

In connection with this discovery dispute, the parties filed two Administrative Motions to Seal.  The first Motion (Dkt. No. 345) seeks to file under seal portions of the parties' Joint Letter Brief filed November 3, 2014 and a portion of one of the Letter exhibits as AngioScore designated the matters referenced therein as Highly Confidential – Attorney's Eyes Only.  In support of this sealing request, AngioScore submitted the Declaration of Kimball Dean Parker (Dkt. No. 345-1) which states that "The Joint Letter contains information derived from a document designated as Highly Confidential – Attorney's Eyes Only. Pursuant to Local Rule 79-5(d), AngioScore has offered its proposed redactions of this confidential information." (*Id*. ¶ 3.)  This statement plainly fails to satisfy Local Rule 79-5's requirement that the request for sealing be "narrowing tailored" and that the designating party establish that the material therein is properly sealable, i.e., "privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(b).  Saying that an attorney has designated a document as "highly confidential" establishes nothing.  Accordingly, the Administrative Motion to Seal portions of the Joint Letter

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Brief and Exhibits is DENIED.  (Dkt. No. 345.)

2          The second Administrative Motion to Seal (Dkt. No. 377) filed November 14, 2014

3   likewise seeks sealing based on AngioScore's designation of matters referenced therein as Highly

4   Confidential – Attorney's Eyes Only.  Pursuant to Local Rule 79-5(e) the designating party has 4

5   days from the filing of the motion to file a declaration establishing that all of the designated

6   material is sealable.  *See* Civil L.R. 79-5(e)(1).  Although more than 4 days have passed since the

7   motion was filed, no such declaration has been filed.   Pursuant to Local Rule 79-5(e)(2), the

8   Administrative Motion to Seal is therefore DENIED.  (Dkt. No. 377.)

9                                **CONCLUSION**

10          For the reasons stated above, the Court GRANTS Spectranetics' motion and issues a

11   protective order precluding enforcement of the August 1 and October 17 subpoenas.  The

12   Administrative Motions to Seal are DENIED.  (Dkt. Nos. 345 & 377.)  Unredacted version of the

13   documents sought to be filed under seal shall be filed in the public docket in accordance with Civil

14   Local Rule 79-5(f)(2).

15          This Order disposes of Docket Nos. 345, 348, 376, 377, 378.

16          **IT IS SO ORDERED**.

17   Dated:  November 25, 2014

18                                            _____
                                              JACQUELINE SCOTT CORLEY
19                                            United States Magistrate Judge

20

21

22

23

24

25

26

27

28