UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIOSCORE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TRIREME MEDICAL, INC., et al.,<br><br>    Defendants. | Case No. 12-cv-03393-YGR (JSC)<br><br>**ORDER RE: PIPER JAFFRAY & CO. SUBPOENA**<br><br>Re: Dkt. No. 379 |

Plaintiff AngioScore, Inc. asserts claims for patent infringement and violation of state law against Defendants TriReme Medical, LLC, Eitan Konstantino, Quattro Vascular Pte Ltd., and QT Vascular Pte. Ltd. In June 2014, AngioScore was acquired by non-party Spectranetics Corporation; in connection with this purchase, Spectranetics hired non-party Piper Jaffray & Co. ("Piper Jaffray") to act as a financial advisor. On October 22, 2014, Defendants served a subpoena on Piper Jaffray seeking eight categories of documents. Now pending before the Court is Defendants' request for an order compelling Piper Jaffray to respond to the subpoena. Having considered the parties' filings and the response filed by non-party Piper Jaffray, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Defendants' motion.

**DISCUSSION**

As an initial matter, the Court notes that Defendants' letter brief is styled as a motion to compel. Under Federal Rule of Civil Procedure 37, a party may move for an order compelling

discovery or a disclosure; ordinarily, however, subpoena related motions are filed under Federal Rule of Civil Procedure 45. Under Federal Rule of Civil Procedure 45(g), a party may seek an order to show cause as to why a contempt citation should not issue if a person "fails without adequate excuse to objet the subpoena or an order related to it." A contempt citation shall only issue if a person "fails without adequate excuse" to respond. See Fed. Rule Civ. P. 45(g). Rule 45 provides that a Court must quash or modify a subpoena which (i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3); *see also* Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL ¶ 11:2379.7 (The Rutter Group 2014) ("[a] motion to compel may be denied on the ground that the discovery sought would impose an "undue burden" on the responding party (*see* FRCP 45(d)(1)) or that its benefits are outweighed by its burdens (FRCP 26(b)(2)(C)(iii)"). Further, a court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

Piper Jaffray objects to the subpoena here as (1) failing to allow adequate time for compliance, (2) seeking confidential and irrelevant documents, (3) many of which do not exist, and (4) those documents that do exist are equally available from AngioScore which is a party to this action. (Dkt. No. 384.) Defendants counter that the documents sought are necessary and relevant to understanding the assumptions underlying AngioScore's damages expert's opinions, and, in particular, the lost profits calculation which was calculated differently in the expert's initial report from how it was calculated in his supplemental report served November 5, 2014. (Dkt. Nos. 379-5 & 387-3.) Upon review of the subpoena, the Court finds that the documents sought are not narrowly tailored to furnish this information and concludes that the subpoena poses an undue burden on non-party Piper Jaffray.[1]

---

[1] Further, the subpoena appears procedurally defective as it required compliance within nine days, which is unreasonable. *See, e.g.*, *Tri Investments, Inc. v. Aiken Cost Consultants, Inc.*, No. No. 11-

2

1  "[A]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed
2  party against the value of the information to the serving party," and requires the court's
3  consideration of "such factors as relevance, the need of the party for the documents, the breadth of
4  the document request, the time period covered by it, the particularity with which the documents
5  are described and the burden imposed." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal.
6  2005) (internal citation and quotation marks omitted).  Although Defendants contend that the
7  subpoenaed information is necessary to understand the calculations underlying Plaintiff's expert's
8  calculations, the document requests are much broader in scope and seek likely confidential
9  information prepared by one non-party—Piper Jaffray—for another non-party—Specranetics.
10 *See, e.g.*, Dkt. No. 379-3 at 17 (Request No. 1 "appraisals, analyses, and opinions concerning the
11 valuation of AngioScore's stock, assets or business"; Request No. 2 "financial projections,
12 budgets and plans of future operations concerning AngioScore"; Request No. 6 "documents
13 concerning the market for AngioScore's products"; and Request No. 7 "documents concerning
14 AngioScore's competitors.")

15  Further, AngioScore has confirmed that the damages expert did not rely on any
16 calculations done by Piper Jaffray or Spectranetics and represents that it has "produced to
17 Defendant all data and materials relied upon by Plaintiff's expert in both of his damages reports."
18 (Dkt. No. 389.)  *See also* Fed. R. Civ. P. 26(a)(2)(B) (requiring a party's expert report to identify
19 "the facts or data considered by the witness in forming" his opinions).  Thus, Defendants should
20 have all the information necessary to understand the calculations underlying the expert's report.
21 Moreover, non-party Piper Jaffray likewise represents that in the course of its work for
22 Spectranetics it did not value the current lawsuit, "[n]or did it seek to value the profits that may

---

04, 2011 WL 5330295, at *2 (W.D.N.C. Nov. 7, 2011) (holding that "[s]ix total days and four business days is not a reasonable time to comply with a subpoena and notice of deposition"); *Anderson v. Dobson*, No. 06-02, 2006 WL 3390631, at *3 (W.D.N.C. Nov. 22, 2006) (holding that 10 days was not an adequate time for compliance and noting that "the usual and customary 14 day objection period for the witness to move to quash the subpoena would not have even run by the time of the proposed depositions"); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D.Nev. 1999)(holding that six days was not reasonable).

1  have been lost by AngioScore or the alleged ill-gotten gains by Konstantiino of sales from the
2  "Chocolate" balloon angioplasty device." (Dkt. No. 384 at 2.)
3      Defendants have thus failed to demonstrate that the information sought from Piper Jaffray
4  is relevant, necessary, and narrowly tailored.  Further, Defendants' broad document requests seek
5  likely confidential information unrelated to the subject matter of this litigation and thus pose an
6  undue burden on non-party Piper Jaffray.  *See Mattel, Inc. v. Walking Mountain Prods*., 353 F.3d
7  792, 813–14 (9th Cir. 2003).   The Court therefore declines to order Piper Jaffray to respond to the
8  subpoena.

## ADMINISTRATIVE MOTIONS TO SEAL

In connection with this discovery dispute, Defendants filed two Administrative Motions to Seal, both of which seek sealing because AngioScore has designated matters referenced in the letter briefs and/or attached exhibits as Highly Confidential – Attorney's Eyes Only. (Dkt. Nos. 379 & 387.)  AngioScore, as the designating party, had four days under Local Rule 79-5(e)(1) to file a declaration establishing that all of the designated material is sealable; however, as with prior motions, AngioScore has failed to timely file such a declaration.  Accordingly, the Administrative Motion to Seal filed November 17, 2014 is DENIED.  (Dkt. No. 379.)  To the extent that AngioScore maintains that the material referenced in the other Motion filed November 21, 2014 (Dkt. No. 387) is properly sealable, it must timely file a declaration in conformance with Local Rule 79-5(b).  If AngioScore fails to do so, the motion will likewise be summarily denied.

To the extent that the parties file any further Administrative Motions to Seal they should be mindful of the requirements of Local Rule 79-5 and this Court's Standing Order. In particular, the parties are directed to efile and provide a chambers copy of the document(s) which they seek to seal which clearly indicates, i.e., by highlighting, the proposed redactions.

## CONCLUSION

For the reasons stated above, Defendants' motion to compel Piper Jaffray to respond to the subpoena is DENIED.  The Administrative Motions to Seal filed November 17, 2014 (Dkt. No. 379) is DENIED and an unredacted version of the documents sought to be filed under seal shall be filed in the public docket in accordance with Civil Local Rule 79-5(f)(2).

4

This Order disposes of Docket Nos. 379, 384, 389.

**IT IS SO ORDERED**.

Dated: November 25, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge