UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGIOSCORE, INC.**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**TRIREME MEDICAL, INC., ET AL.**,<br><br>　　　　　Defendants. | Case No. 12-cv-03393-YGR<br><br>**ORDER RE EVIDENTIARY RULING; PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FORMAT** |

　　　　By this Order, the Court addresses two issues: (1) plaintiff's evidentiary objections relating to two exhibits; and (2) the form of the parties' proposed findings of fact and conclusions of law and responses thereto. Each is considered in turn, below:

**1. EVIDENTIARY OBJECTIONS**

　　　　At the conclusion of the bench trial in this case, plaintiff raised the question of whether two documents previously admitted into evidence should be admitted in their full form, or whether they should be admitted only with respect to particular pages discussed by witnesses during the trial. Specifically, plaintiff argues that only specified pages of defendants' exhibits 1652/ plaintiff's exhibit 325 (QT Vascular's 2013 Annual Report) and defendants' exhibit 1746/plaintiff's exhibit 45 (QT Vascular's April 2014 Offer Document) should be admitted. Plaintiff contends that not every page of these documents has been authenticated by individuals with the requisite personal knowledge to do so.

The Court finds plaintiff's arguments unpersuasive. As an initial matter, documents were admitted into evidence throughout the trial without witnesses painstakingly authenticating each and every page. To impose a retroactive page-by-page authentication standard, after neither party complied with this standard throughout the trial, would simply not be fair. Moreover, the practical difficulty of imposing such a standard, particularly with respect to the documents at issue here, is readily apparent: the 2013 Annual Report is 116 pages long; the 2014 Offer Document is 461 pages long, and the plaintiff never proffered annotated versions.

In addition, the Court finds that such documents have been sufficiently authenticated by witnesses with personal knowledge of them. Randolph Farwell, QT Vascular's CFO, prepared the 2014 Offer Document. Eitan Konstantino likewise testified that he was involved in the preparation of this document. Momi Brosh also discussed the document and its contents. In addition, Brosh discussed the 2013 Annual Report, and verified that Farwell approves reports such as the 2013 Annual Report. Farwell separately discussed certain of its contents.

Accordingly, both documents are **ADMITTED** in their entirety. Whether or not they provide persuasive evidence without the attendant testimony is an entirely separate issue not addressed herein.

### 2. FORM OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having considered what format is most appropriate for the parties' proposed findings of fact and conclusions of law, and for purposes of clarity, the Court confirms that the table format used in connection with the parties' chronology submissions is preferable. With the reply briefing, the parties shall file responses thereto, which shall be presented in a column adjacent to each proposed finding. Both the proposed findings of fact and responses shall be supported by citation to the record and evidence.

**IT IS SO ORDERED.**

Dated: April 29, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**