UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGIOSCORE, INC.**, <br>    Plaintiff, <br><br> v. <br><br> **TRIREME MEDICAL, INC., ET AL.**, <br><br>    Defendants. | Case No. 12-cv-03393-YGR <br><br> **ORDER REGARDING SCHEDULE FOR PATENT TRIAL** |

On April 21, 2015, the Court held a pretrial scheduling conference with respect to the patent claims in the instant case. All parties were present. The Court enters the following orders emanating from that conference.

1. **Trial Date:** A jury trial shall begin on all remaining issues starting on **Wednesday, September 9, 2015 with jury selection. Evidence shall begin on Monday, September 14, 2015.** Parties shall each be limited to fifteen hours, including evidence and argument, and not including voir dire. Trial is estimated to last seven (7) court days including jury selection; no trial shall occur on September 24 and 25. Closing arguments shall occur on September 28, 2015.

2. **Pretrial Filings:**
    a. As stated on the record at the pretrial conference, plaintiff shall finalize their list of claims at issue no later than **May 1, 2015**. By **May 8, 2015**, the parties shall submit a **Joint Statement** indicating which claims need further construction and any issues that remain, and shall provide a proposed schedule for briefing.

    b. Pretrial Conference will be held **August 21, 2015 at 9:00 a.m.**

    c. The parties may submit an additional two-page questionnaire for the jurors. If possible, the proposed questionnaire should be jointly submitted.

3. **Trial Readiness Binder:**

    The parties shall deliver two (2) Trial Readiness Binders. These binders are due **August 7, 2015**.

4. **Expert Witnesses:**

    Parties are advised that copies of a curriculum vitae or the experts reports themselves are not admissible. However, the Court will entertain a joint request to admit them.

5. **Motions *in Limine*:**

    a. The Court hereby orders: (a) that witnesses shall be excluded until testimony is completed; (b) that there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) that there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists. A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

    b. The Court reiterates that the parties are required to exchange motions *in limine*, and meet and confer regarding the same, as per the standing order. With respect to any further motion *in limine* practice, such motions shall be filed on **Tuesday, July 24, 2015** after which the parties shall meet and confer and attempt to resolve the motions. To the extent not resolved, any opposition shall be filed on **August 7, 2015**. The parties shall then deliver two chambers copies on that date, organized in the manner set forth in the standing order.

1     c.  Parties shall be responsible for admonishing all witnesses of the Court's pretrial rulings.  Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

6. **Jurors Issues:**

   a. The Court will seat a total of eight (8) jurors and no alternates.  The Court sets the number of peremptory challenges at four (4).  *Batson/Wheeler* motions must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.

   b. Per the Court's Standing Order, the Court will give Model Instructions 1.1B, 1.2, 1.3 and/or 1.4, 1.6–1.12, 1.14–1.15, 1.19, and 3.1–3.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 Edition).

   c. Parties shall each be afforded 20 minutes to conduct additional voir dire of the jury panel.  Attached as **Exhibit A** hereto is the Juror Questionnaire.

   d. In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but...may not communicate directly or through another with a juror or potential juror."  A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)."

   e. During voir dire counsel shall be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors.  You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

7. **Trial Logistics and Limits**

   a. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Any objections not resolved

3

after the parties have met and conferred may be raised before the Court in a filing not to exceed three pages. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

b. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness, if necessary. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

c. **Video Depositions at Trial:** The parties are to exchange designations and counter-designations for video depositions. Any objections not resolved by the parties after a meet and confer must be raised before the Court no later than **August 14, 2015**. A video deposition may only be shown after the designations, counter-designation and objections are resolved. A transcript of the portions played to the jury shall be provided to the court reporter on the same day as the portion is played. The court reporter shall be relieved of her duties to transcribe that portion of the trial.

d. **Demonstratives:** The parties shall work out an agreed procedure with respect to exchanging proposed demonstratives and objecting to the same. If the procedure is memorialized in writing, the Court will enforce it.

e. **Witnesses at Trial:** The party presenting evidence shall give the other party twenty-four (24) hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not

have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

f. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a rebuttal requested, "Not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

g. **Jury Questions:** The Court allows jurors to ask questions during the trial. The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

h. **Requests for Transcripts:** The parties should determine whether they will order daily transcripts of the trial, and if so, shall request such transcripts by no later than one month in advance.

i. **Juror Notebook:** The parties shall meet and confer in developing a joint juror notebook. The Court will review the proposed juror notebook with the parties at the pretrial conference scheduled for **August 21, 2015**, and resolve any disagreements. Once approved, the parties shall provide sufficient notebooks for each juror, plus two. The Court will add its own cover page for the front of the notebook. The notebook should include the following components/tabs:
   1. An empty "sheet protector" in which the Court can insert a page with a warning regarding use of social media and duties of jurors;
   2. Index;
   3. Loose leaf paper for note taking;
   4. Glossary of technical terms. The parties shall prepare a glossary to provide to the jury for their jury notebooks with respect to any technical terms

1  and/or acronyms on which they can agree.  **The parties shall provide said**
2  **glossary to the Court by August 14, 2015;**
3     5. Photographs of each witness.  Each party will be responsible for taking a
4        photograph of each witness testifying in its case in chief, outside the
5        Courtroom immediately before the witness testifies.  The witness's
6        appearance must be the same in the photograph on the witness stand (*i.e.*,
7        same clothing, hairstyle, eyewear).  At the time of trial, the parties shall
8        provide the Courtroom Deputy with eleven (11) copies of each photograph,
9        printed on three-hole-punched, 8 ½" x 11" paper.  The photograph size
10       itself should be at least 4" by 6".  The Courtroom Deputy will distribute the
11       photographs for placement in the juror binders.
12    6. Color-coded handouts identifying the specific language of the claims which
13       is at issue in the patents and its import to the action.  *See* Docket No. 633 in
14       *Oracle America, Inc. v Google*, 10-cv-3561-WHA, as an exemplar.  The
15       handouts should also include any constructions made by the Court or to
16       which the parties have stipulated.  Alternatively, a chart may be a better
17       mechanism for communicating that particular information;
18    7. A common timeline of events, if appropriate and useful;
19    8. Copies of the patents (on double-sided paper).  The copies of the patents
20       should highlight or box the claims at issue;
21    9. A copy of the Patent Example referenced in the FJC video to be played to
22       the jurors; and
23    10. Final jury instructions (to be provided later)
24 8. **Procedural Stipulations**: Attached hereto as **Exhibit B** is an outline of stipulations.  To
25 the extent agreed upon, the parties shall file said document by the Friday before the trial
26 date.
27 9. **Trial Decorum and Procedure:** Counsel, parties and witnesses are expected to conduct
28 themselves at all times – on or off the record and whether or not in the presence of a jury –

United States District Court
Northern District of California

in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

10. **Failure to Comply:**  Failure to comply with the obligations set forth in this Order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED**.

Date:  April 29, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

**Exhibit A**

# JUROR QUESTIONNAIRE

**Please PRINT your answers.**

To Be Completed by Jurors called to the Courtroom of the Hon. Yvonne Gonzalez Rogers for the Trial of:
**PLAINTIFF v. DEFENDANT**                                    Case Number:  Year-cv-Number YGR

**Name:** _____  **Age:** _____  **Birthplace:** _____

**Residence:** _____  Years_____  Prior Residence: _____ Years: _____

**Education:** Highest Grade Completed: _____  Degrees _____

College/Vocational Schools attended _____ Areas of Study _____

_____

**Current Occupation/Position:** _____ Employer/Length of Service_____

Prior Occupation/Position: _____ Employer/Length of Service_____

Have you ever served as a Supervisor?  If yes, describe and state how many people your supervised:
_____

**Current Status** (Circle):  Single (living alone/with others)    Married    Separated    Divorced    Widowed

**Occupation & Employer of Adults Living in the Same Household:** _____

_____

**Children:** Age(s) _____ Occupation(s) if employed_____

_____

**Is English your first language?** YES ☐   NO ☐   IF NO, do you use it regularly at work or home? YES ☐ NO ☐

**Do You OR any CLOSE Family/Friends have Military Service or Law Enforcement Training**? Circle:  YES   NO

If yes, describe_____

**Have You Every Served on Jury?**  Circle:  YES   NO    Number of times: _____  Date(s) of Service: _____

Circle:   State Court   Federal Court   Both            Circle:  Civil Case      Criminal Case      Both

Did each jury reach a verdict?  YES  ☐   NO ☐        Have you ever served as Foreperson?  YES  ☐    NO ☐

**Circle if You Know or Are Familiar With Any of the Following Persons: [to be provided]**

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.**

**SIGNATURE:** _____  **DATE:** _____

# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGIOSCORE, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **TRIREME MEDICAL, INC., ET AL.**, <br><br> Defendants. | CASE NO.: 12-CV-03393 YGR <br><br> **PROCEDURAL STIPULATIONS** <br> **(EXHIBIT B TO PRETRIAL ORDER)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

      For the Plaintiff _____      For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

      For the Plaintiff _____      For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

      For the Plaintiff _____      For the Defendant _____

1   It is stipulated that, during jury deliberations, the jury may recess without further admonition and
2   without assembling in the jury box, and that they may resume their deliberations upon the Deputy
3   Clerk's determination that all jurors are present.
4       For the Plaintiff _____    For the Defendant _____

6   In the absence if the trial judge, any judge of this court may receive the verdict.
7       For the Plaintiff _____    For the Defendant _____

9   (Party Name) _____    (Party Name) _____

11  _____    _____
12      Signature (Plaintiff's Attorney)                  Signature (Defense Attorney)

United States District Court
Northern District of California