UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGIOSCORE, INC.**, <br> Plaintiff, <br> v. <br> **TRIREME MEDICAL, INC., ET AL.**, <br> Defendants. | Case No. 12-cv-03393-YGR <br><br> **ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

Following a six-day bench trial in this case, the parties provided briefing directed to each of AngioScore's claims against the defendants. One of those claims falls under California Business and Professional Code section 17200, *et seq.*, which prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 (West). "Because . . . section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent . . . ." *Aleksick v. 7–Eleven, Inc.* 205 Cal.App.4th 1176, 1184 (2012). AngioScore appears to argue that two of these three bases apply and that defendants' actions qualify as "unfair" and "unlawful." (Dkt. No. 643 at 20-21.)

With respect to those prongs, a plaintiff must establish under the UCL either: (1) "unfair" predicate acts; and/or (2) "unlawful" predicate acts. These two concepts are distinct. For purposes of UCL liability, "unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). In *Cel-Tech*, however, the California Supreme Court noted that this rule did not address "actions by . . . competitors alleging other kinds of violations of the unfair competition law such as "fraudulent" or "unlawful" business practices . . . ." *Id.* at 187 n.12; *see also id*. at 195 (Kennard, J.,

1  concurring and dissenting) (explaining that in 1963, the state legislature added "unlawful"
2  business practices to the list of proscribed conduct and thereby "expanded the definition of unfair
3  competition with respect to conduct violating **statutory prohibitions**, for now any business
4  practice that violated an independent statutory duty was an instance of unfair competition that
5  could be enjoined even if the underlying statute did not specifically authorize injunctive relief")
6  (citation omitted, emphasis supplied). The current briefing does not address this distinction. Nor
7  does the briefing address whether the "unlawful" prong of the UCL is satisfied where the alleged
8  predicate act is not statutory, but is based on a common law breach of fiduciary duty under
9  Delaware law. Accordingly, the Court requests supplemental briefing addressing those two topics
10 and application of the same to the trial in this matter.
11 Such briefing shall be limited to five pages and due no later than Thursday, June 18, 2015
12 by noon.
13 **IT IS SO ORDERED.**
14 Dated: June 12, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**