UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGIOSCORE, INC.**, <br> Plaintiff, <br> v. <br> **TRIREME MEDICAL, INC., ET AL.**, <br> Defendants. | Case No.  12-cv-03393-YGR <br><br> **PRE-TRIAL ORDER NO. 6 (PATENT CLAIMS) RE: DISCOVERY DESIGNATIONS** |

On September 9, 2015, the Court held a pre-trial conference addressing, among other issues, defendants' objections to plaintiff's discovery designations. A significant number of the objections concerned the designations of the deposition transcript of Momi Brosh. Counsel for the defendants identified certain designations which he noted to be representative of the parties' ongoing dispute. The Court took the issue under submission as well as an oral motion for reconsideration of a ruling on the record as to other Brosh designations. Pursuant to the Court's instruction, plaintiff submitted documents in support of its opposition to the Rule 402 and 403 objections.  (Dkt. No. 751.)

Having considered the arguments and reviewed the relevant portions of the Brosh deposition (the entirety of which the Court had in its possession from the bench trial in this case), the Court hereby **OVERRULES** defendants' objections. In particular, and as representative samples, the parties have identified pages 125-26, 128, 272-75, 388, 392, 394-95, 405-06, and 430 of the transcript.

Defendants also raised a foundation objection as to the admission of pages 235-36 of Brosh's November 19, 2014 deposition transcript. The grounds for the objection was that Brosh was only designated as a 30(b)(6) expert on behalf of defendants Quattro and QT Vascular, but not

1  TriReme, and therefore that his testimony regarding the finances of TriReme was without
2  foundation. The Court initially sustained the objection on the record, but subsequently entertained
3  an oral motion for reconsideration of that ruling. Having reviewed pages 10-14 of the Brosh
4  deposition transcript, the Court reverses its earlier ruling and **OVERRULES** the foundation
5  objection to pages 235-36. In pages 10-14 of the transcript, Brosh testifies to having held a role of
6  Executive Vice President of Business Operations at TriReme, establishing sufficient foundation
7  for his testimony as to TriReme's finances.

**IT IS SO ORDERED.**

Dated: September 11, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**