UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**ANGIOSCORE, INC.**,

    Plaintiff,

v.

**TRIREME MEDICAL, INC., ET AL.**,

    Defendants.

Case No. 12-cv-03393-YGR

**TRIAL ORDER NO. 2 (PATENT CLAIMS) RE: OBJECTIONS TO DISCOVERY DESIGNATIONS AND EXHIBITS**

Outside the presence of the jury at today's trial session, the Court took under submission the following objections, with references to Docket Number 719 line numbers indicating the specifics of the objections:

1. By defendants:
    a. Defendants objected to plaintiff's counter-designations to the Tom Trotter *deposition* designations under Federal Rule of Civil Procedure 106, where said counter-designations cite to the transcript of the earlier *trial* in this case. The objections that the counter-designations are not necessary for fairness or completeness under Federal Rule of Civil Procedure 32(a) or Federal Rule of Evidence 106 are **SUSTAINED**.
    b. Defendants' objections to counter-designations to the Trotter deposition designations, reflected at Line Numbers 1036-37, that the counter-designations are not necessary for fairness or completeness, are **OVERRULED**.
2. By plaintiff:
    a. Plaintiff's objections reflected at Line Numbers 1076-81, regarding the Trotter deposition and references to hearsay statements of Martin Leon, are **SUSTAINED**.
    b. Plaintiff's Rules 402 and 403 and hearsay objections to Trial Exhibits 5770

(patent prosecution history file), 5725 (patent application), and 5692 (notice of allowance) are **SUSTAINED**.  The Court has considered the specific proffer offered by defendants who seek introduction of this evidence for purposes of demonstrating non-infringement under the doctrine of equivalents due to separate patentability.  The Court finds that while such evidence may be permissible in the ordinary case, here its introduction would be inappropriate given that no defense expert has opined on the relevance or applicability of this patent application and related documents.  In fact, the Court finds this to be a backdoor attempt to introduce such evidence through Dr. Konstantino as an undisclosed expert.  This proffer is not only untimely, but would unduly prejudice plaintiff.

    c. Plaintiff's objection to Trial Exhibit 5773 on the grounds that the exhibit was not timely disclosed in an exhibit list is **SUSTAINED**.  The claim that this is proffered as rebuttal to unanticipated trial testimony is belied by the plaintiff's timely designation of the Feld deposition excerpts in question.  This Order does not preclude Dr. Konstantino from testifying as to this issue.

**IT IS SO ORDERED.**

Dated: September 16, 2015

                _____
                **YVONNE GONZALEZ ROGERS**
  &nbsn;             **UNITED STATES DISTRICT COURT JUDGE**