UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**ANGIOSCORE, INC.**,

    Plaintiff,

    v.

**TRIREME MEDICAL, INC., ET AL.**,

    Defendants.

Case No. 12-cv-03393-YGR

**ORDER DENYING DEFENDANTS' MOTION TO REOPEN DISCOVERY AND FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

On July 1, 2015, after a six-day bench trial in April 2015 on plaintiff's state law claims for breach of fiduciary duty, the Court issued its Findings of Fact and Conclusions of Law in favor of plaintiff. (Dkt. No. 665.) In September 2015, a jury trial was held on plaintiff's patent infringement claims, which resulted in a jury verdict of non-infringement and invalidity as to all asserted claims. (Dkt. No. 790.) Within one day of the verdict and prior to entry of final judgment, defendants filed a motion to reopen the trial record, to reopen discovery, and sought leave to file a motion for reconsideration in connection with the *state law portion of the case*. (Dkt. Nos. 785, 792.) Having carefully considered the papers submitted[1] and the record in this case, the Court **DENIES** the motion.[2]

**I.   MOTION TO REOPEN THE TRIAL RECORD**

A motion to reopen the trial record is directed to the Court's "sound discretion." *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971). "[A] court usually will not reopen a case for further evidence in the absence of any reason being given or showing made as to why the evidence sought to be presented was not obtained at a time when it could have been

---

[1] Defendants' request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of a complaint from the District of Colorado, various SEC disclosures, and other public financial information is **GRANTED** solely for purposes of considering the instant motion. (Dkt. No. 787.) However, the Court notes that much of this material is of little relevance.

[2] Defendant's motion for an expedited briefing schedule on its motion to reopen discovery (Dkt. No. 797) is therefore **DENIED** as moot.

introduced during the trial." 35B C.J.S. Federal Civil Procedure § 982. In evaluating the motion, a court may consider factors such as "the importance and probative value of the evidence, the reason for the moving party's failure to introduce the evidence earlier, and the possibility of prejudice to the non-moving party." *Garcia v. Woman's Hosp. of Texas*, 97 F.3d 810, 814 (5th Cir. 1996); *see also Rivera-Flores v. Puerto Rico Tel. Co.*, 64 F.3d 742, 746 (1st Cir. 1995) ("Trial courts as a rule act within their discretion in refusing to reopen a case where the proffered 'new' evidence is insufficiently probative to offset the procedural disruption caused by reopening."). Similarly, the Court has discretion to reopen discovery. Fed. R. Civ. P. 26; *Yeager v. Yeager*, No. 2:06-CV-001196JAMEFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (noting a determination of whether movant has shown good cause in seeking to reopen discovery "focuses primarily on the diligence of the moving party in his attempts to complete discovery in a timely manner") (citing *Johnson Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Here, defendants base their request substantially on two issues: (1) plaintiff's failure to volunteer certain information about its declining market share prior to the close of evidence; and (2) the subsequent allowance of three patent applications related to the accused product.

First, defendants contend plaintiff concealed relevant information about its declining market share. Plaintiff's damages expert Gary Olsen testified that the "specialty balloon" market would remain constant for the next several years. (Dkt. No. 785 at 6.) Frank Viano, vice president at plaintiff's parent company, testified that plaintiff was in the "specialty balloon" market and that its "direct competitors would certainly be the Chocolate balloon, the Cutting Balloon from Boston Scientific, and the . . . VascuTrak balloon from C.R. Bard." (Trial Tr. at 408:25-409-3.) Defendant argues this was improper in light of a public filing by plaintiff's parent company on April 23, 2015, two days after the close of evidence in the state law trial, that reflected "disappointing earnings" and a "lowered forecast" resulting from "increased competition from drug-coated balloons." (*Id.*) Defendants have identified no direct testimony by any of plaintiff's witnesses disputing the fact that sales in the three-month reporting period ending March 31, 2015 decreased primarily due to "the launch of drug-coated balloons." (Dkt. No. 785 at 6.)

2

The issue of drug-coated balloons was addressed on many occasions throughout the course of the trial. (*See, e.g.*, Trial Tr. at 100:3-5 (confirming the development of a "drug-coated AngioSculpt")). Defendants could have asked the specific questions at trial they now seek to introduce regarding recent market developments and competition from that sector. Defendants could have also arranged to present additional expert testimony on market definition and prognostications. They did neither. Moreover, defendants' delay of more than five months between the public disclosure in question and the filing of the instant motion demonstrates a lack of diligence.

Second, defendants argue the Court should reopen the trial record to consider the July 1, 2, and 8, 2015 notices of allowance of three patent applications at issue in the case. Specifically, defendants contend this material is relevant to support defendant's position that non-party and co-inventor Tanhum Feld had an independent right to assign Chocolate. This issue was adequately raised at trial. Moreover, defendants again do not explain why they waited three months to file the instant motion after the applications were allowed. Ultimately, the proffered evidence would not impact the Court's conclusions, which were premised upon a determination that "Feld was subject to Konstantino's business decisions and did not exert any independent control over these decisions . . . ." (*See* Dkt. No. 665 at 55.)

The first issue should have been raised, if at all, in post-trial briefing or otherwise addressed immediately after the material came to light and prior to the issuance of the Court's Findings of Fact and Conclusions of Law. Both issues could have been raised several months ago, prior to the patent trial. Instead, defendants waited until soon after the jury returned a verdict in the patent case and sought expedited briefing in order to address this issue before the imminent entry of final judgment. *See* Fed. R. Civ. P. 58 (noting "the court must promptly approve the form of the judgment, which the clerk must promptly enter," after the jury returns a verdict). Finding a lack of diligence and limited relevance in the proffered documentation—which is not particularly compelling—the Court declines to reopen the trial record and reopen discovery at this late juncture. Thus, the motion is **DENIED**.

Finally, under Rule 54(b), "[r]econsideration is appropriate if the district court (1) is

presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Local Rule 7-9(b) requires that a party seeking leave to file a motion for reconsideration show reasonable diligence in making the motion. For the same reasons discussed above, the requisite diligence is lacking here. Defendants' request for leave to file a motion for reconsideration is **DENIED**.

This Order terminates Docket Numbers 785, 797.

**IT IS SO ORDERED.**

Dated: October 7, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**