UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGIOSCORE, INC.**,<br>　　　　Plaintiff,<br>　　v.<br>**TRIREME MEDICAL, INC., ET AL.**,<br>　　　　Defendants. | Case No.  12-cv-03393-YGR<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO STAY ENFORCEMENT OF JUDGMENT**<br><br>Re: Dkt. Nos. 813-14, 817-19 |

Following a six-day bench trial, the Court issued its Findings of Fact and Conclusions of Law on July 1, 2015, detailing the history of this dispute and finding in favor of plaintiff on its state law claims for breach of fiduciary duty.  (Dkt. No. 665.)  In September 2015, a jury trial was held on plaintiff's patent infringement claims, resulting in a verdict of non-infringement and invalidity as to all claims asserted.  (Dkt. No. 790.)  Thereafter, defendants unsuccessfully moved to reopen the trial record in the state law portion of the case.  (Dkt. No. 809.)  Judgment was entered on October 14, 2015, awarding plaintiff $2.97 million in past lost profits and $17.064 million in future lost profits (totaling $20.034) from all defendants and a royalty and other awards specific to defendant Konstantino, along with pre- and post-judgment interest.  (Dkt. No. 812 at 2.)  Later that day and on the following day, defendants filed motions to stay enforcement of judgment pending appeal without the typical requirement of a supersedeas bond.  (Dkt. No. 814, 818.)[1]  Defendants contend they have insufficient funds to offer a supersedeas bond directly or to obtain one from a lender.  They further claim they "will likely need to seek protection of the

---

[1] In connection with the corporate defendants' motion, they filed an administrative motion to seal certain corporate financial information.  (Dkt. No. 813.)  Finding good cause therefor, the motion to seal is **GRANTED**.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

bankruptcy laws" if the instant motions are not granted. Defendant QT Vascular offers three conditions in lieu of a supersedeas bond: (1) appointment of a "Mutually-agreeable Monitor" to ensure the status quo is maintained at the corporate defendants pending appeal; (2) no transferring of corporate assets outside of the United States "except as required in the ordinary course of its existing business"; and (3) the posting of a supersedeas bond upon a "major sale of operational assets" or a change of control of the corporate defendants. (Dkt. No. 814 at 11.)[2] In light of the representations of plaintiff and attached email communications between the parties, defendants appear to have made little effort to meet and confer on this issue prior to bringing their motions, even though the Findings of Fact issued nearly four months ago.

Pursuant to Federal Rule of Civil Procedure 62(a), in typical circumstances, a district court's judgment is automatically stayed for 14 days following its entry—in this case, through October 28, 2015. Thereafter, the prevailing party may execute upon the judgment absent imposition of a formal stay pending appeal, which an appellant is entitled to obtain from the trial court by posting an adequate supersedeas bond pursuant to Rule 62(d). *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 & n.6 (9th Cir. 2001). Such a stay takes effect upon the court's approval of the posted bond. Fed. R. Civ. P. 62(d). In the usual case, the supersedeas bond must be sufficient to fully satisfy the judgment, including interest and costs. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 (9th Cir. 1987) ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required."); *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1027 (N.D. Cal. 2012). However, given the purpose of the supersedeas bond is to preserve the status quo pending appeal, a district court maintains "'inherent discretionary authority'" to set the amount of the bond, to allow alternative forms of guarantee, or to waive the requirement entirely where appropriate. *See Cotton*, 860 F. Supp. 2d at 1027. In the Ninth Circuit, district courts regularly consider five factors in

---

[2] Notably, defendant Konstantino does not offer any such guarantees as to his personal assets, merely noting that the corporate defendants' proposal will offer plaintiff "some security." (Dkt. No. 818 at 2 n.1.)

2

determining whether to waive the bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money"; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (internal quotations and citations omitted); *see also United States v. Moyer*, No. 07-CV-00510, 2008 WL 3478063, at *12 (N.D. Cal. Aug. 12, 2008) (noting "Ninth Circuit courts regularly use these factors").

In the instant case, defendants present an argument solely under the fifth factor—whether their financial condition is so precarious that the bond requirement would place other creditors in an insecure position. *See Cotton*, 860 F. Supp. at 1028 (denying motion for stay and waiver of supersedeas bond where defendants addressed only the fourth factor). The proposals offered in lieu of a full bond do not include a partial bond, but rather limited safeguards that do not go far enough to ensure the status quo will be maintained throughout the appellate process—particularly in light of defendants' purported financial frailty. Moreover, the remaining factors are neutral or cut against waiving the bond requirement in this case. Specifically, as to the first, third, and fourth factors, defendants' representations—that they have limited cash on hand and inadequate assets to serve as collateral for obtaining a supersedeas bond from a lender—suggest the collection process may be arduous and the availability of sufficient funds in future years, in light of the other creditors referenced, is questionable.

In the alternative, defendant Konstantino seeks a stay pursuant to Rule 62(b) pending the resolution of his anticipated post-trial motions to amend the Court's Findings of Fact and for a new trial. The rule provides as follows: "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of" certain post-trial motions. Fed. R. Civ. P. 62(b); *see Moyer*, 2008 WL 3478063, at *6 (noting the decision of whether to grant a stay under Rule 62(b) is at the district court's discretion and weighing factors such as movant's likelihood of success on the merits, the

possibility of irreparable injury absent a stay, whether the stay will injure the non-movant, and the public interest).  Konstantino's limited briefing on this alternative request is insufficient to justify the relief sought, particularly in the absence of any proposed terms to ensure the security of plaintiff's judgment in the interim.  *See Fredianelli v. Jenkins*, No. 11-CV-3232, 2013 WL 5934988, at *1 (N.D. Cal. Nov. 4, 2013) (noting a Rule 62(b) stay "'usually requires a bond'" sufficient to fully satisfy the judgment and interest thereon).

Thus, having carefully considered the papers submitted and the record in this case, the Court **DENIES** the motions.[3]  Defendants may, of course, seek a stay from the Court of Appeals, which is not limited by Rule 62.  *See* Fed. R. Civ. P. 62(g).

This Order terminates Docket Numbers 813-14, 817-19.

**IT IS SO ORDERED.**

Dated: October 23, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] Defendants filed motions for expedited hearing on their motions to stay enforcement of judgment.  (Dkt. Nos. 817, 819.)  In light of the urgency of defendants' request, however, the Court has proceeded directly to the merits, addressed herein, finding no need for a hearing to resolve these issues.  *See* Civ. L.R. 7-1(b); Fed. R. Civ. P. 78; *see also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).  Thus, the motions for expedited hearing are **DENIED** as moot.