1 | JAMES C. OTTESON (SB No. 157781)
james.otteson@aporter.com
2 | DAVID A. CAINE (SB No. 218074)
david.caine@aporter.com
3 | THOMAS T. CARMACK (SB No. 229324)
tom.carmack@aporter.com
4 | MICHAEL D.K.NGUYEN (SB No. 264813)
michael.nguyen@aporter.com
5 | ARNOLD & PORTER LLP
1801 Page Mill Road, Suite 110
6 | Palo Alto, CA 94304
Telephone: (650) 798-2920
7 | Facsimile: (650) 798-2999

8 | Attorneys for Defendants
TRIREME MEDICAL, LLC,
9 | EITAN KONSTANTINO,
QUATTRO VASCULAR PTE LTD.,
10 | and QT VASCULAR LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ANGIOSCORE, INC., | CASE NO.: 4:12-CV-3393-YGR |
| Plaintiff, | |
| v. | **DECLARATION OF DAVID A. CAINE IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. 285** |
| TRIREME MEDICAL, LLC (f/k/a TRIREME MEDICAL, INC.), EITAN KONSTANTINO, QUATTRO VASCULAR PTE LTD., and QT VASCULAR LTD. (f/k/a QT VASCULAR PTE. LTD.), | |
| Defendants. | |

I, David A. Caine, hereby declare as follows:

1. I am a partner at Arnold & Porter, LLP ("Arnold & Porter"), which represents Defendants TriReme Medical, LLC, Quattro Vascular Pte Ltd., QT Vascular Ltd. and Eitan Konstantino (collectively "Defendants"). I make this declaration of my own personal knowledge and, if called as a witness, could and would testify to the matters contained herein.

2. I make this declaration in support of Defendants' Motion for Finding of Exceptional Case and Award of Attorneys' Fees. Pursuant to Civil Local Rule 54-5(b)(1), I met and conferred with Plaintiff's counsel on October 22, 2015 in an effort to resolve this motion. The parties were not able to reach an agreement on this motion.

3. From July 2014 until April 2015, Defendants were represented by Agility IP Law, LLP ("Agility"), where I was a partner. Starting in July 2014, Agility transitioned the representation of Defendants from their previous counsel, Knobbe, Martens, Olsen & Bear.

4. In January 2010, my partner, James Otteson, established Agility as a Silicon Valley intellectual property litigation boutique. The attorneys that worked at Agility had backgrounds at large international firms with first tier patent litigation practices, including Wilson Sonsini Goodrich & Rosati, P.C. ("Wilson Sonsini"), Cooley LLP, Mayer Brown, LLP ("Mayer Brown"), Skadden, Arps, Slate, Meagher & Flom ("Skadden"), and Howrey LLP, to name a few. Many of Agility's attorneys have been named as California Super Lawyers, California Rising Stars and have received various awards in the field of intellectual property litigation.

5. From its founding until it closed in April 2015, Agility's practice consisted almost entirely of high-stakes patent litigation of the same type practiced by its attorneys at their former large law firms. Agility's co-counsel and opposing counsel were typically large international law firms with patent litigation specialties, such as Defendants' counsel in the case, Quinn Emanuel Urquhart Oliver & Hedges.

6. In April 2015, eight of the nine attorneys then working at Agility joined Arnold & Porter and Agility closed. Arnold & Porter took over representation of Defendants from Agility at that time. Arnold & Porter is a a preeminent international law firm with over 700 attorneys spread among its nine offices in the United States and Europe.

## AGILITY AND ARNOLD & PORTER EMPLOYED A REASONABLE NUMBER OF TIMEKEEPERS AT BELOW MARKET RATES

7. Based on my experience as a practicing attorney, I have personal knowledge of current market rates for lawyers, paralegals, and law clerks working as part of a national patent litigation practice, including the rates for such professionals working on patent cases litigated in federal court.

8. At the time Agility closed, Agility's attorneys and staff had recorded 3290 hours to the patent issues in this matter amounting to $1,286,683.75, at Agility's standard billing rates. Attached hereto as Exhibit 1 are true and correct copies of the invoices that Agility billed to defendants reflecting hours recorded on this case. Certain redactions have been made to these invoices to shield sensitive financial account numbers and privileged and work product information. These invoices include individual time entries, including hours and billing rate for each timekeeper who worked on this case for Defendants. In addition, time entries that do not relate to patent issues in this case have been highlighted in yellow. The report provides individual time entries, including hours and billing rate for each timekeeper who worked on this case for Defendants. The invoices were prepared by Agility's Controller and, based on my personal knowledge of Agility's timekeeping system and procedures, I believe them to be accurate.

9. Since Arnold & Porter took over representation of Defendants, Arnold & Porter's attorneys and staff had recorded 2299 hours to the patent issues in this matter amounting to $1,305.233.50, at the rates billed to Defendants. Attached hereto as Exhibit 2 are true and correct copies of the invoices that Arnold & Porter has billed to Defendants in this matter. These invoices include individual time entries, including hours and billing rate for each timekeeper who worked on this case for Defendants. The report provides individual time entries, including hours and billing rate for each timekeeper who worked on this case for Defendants. These invoices were prepared by Arnold & Porter's accounting department and are maintained at Arnold & Porter. I believe them to be accurate.

10. I have reviewed the records in both Exhibit 1 and Exhibit 2. Both Agility and Arnold & Porter exercised billing judgment with respect to the claimed number of hours worked and billed. In the exercise of business judgment, and as reflected in Exhibits 1 and 2, I often wrote

down or wrote off time entries over the course of the representation. Defendants have paid for all invoiced time through June 2015.

11. While at Agility, I personally recorded approximately 1111 hours to the patent issues in this matter. At Arnold & Porter, I have recorded an additional 672 hours. I received a B.A. with Distinction from the University of Virginia in 1998 with majors in Chemistry and Spanish and graduated from the University of Virginia School of Law in 2001 with induction into the Order of the Coif. From 2001 to 2011, I was an attorney with Wilson Sonsini where I specialized in the litigation of patent and complex commercial disputes in state and federal court relating to various high technologies. My prior experience includes trials in California state court, the Eastern District of Louisiana and the U.S. International Trade Commission ("ITC"). I have been named a Northern California "Rising Star" every year since 2010. My work on this case has included overall management of the case, preparation of numerous briefs, presentation of argument on multiple motions and other matters, the preparation and defense of fact and expert witnesses at deposition, and trial. My billing rate at Agility was $475 per hour. Although my standard billing rate at Arnold & Porter is $790 per hour, from April 2015 through July 2015, Arnold & Porter discounted my rate to Defendants to $475 per hour and from August 2015 through present, Arnold & Porter discounted my rate to Defendants to $632 per hour.

12. While at Agility, my partner James Otteson recorded approximately 52 hours to this matter. At Arnold & Porter, Mr. Otteson recorded an additional 508 hours. Mr. Otteson's work on this case has included case management, the examination of fact and expert witnesses at deposition and at trial, and preparing and arguing multiple motions. Mr. Otteson received a B.S. in microbiology from Brigham Young University in 1988 and a J.D. from Yale Law School in 1991. After law school, he served as a judicial clerk to the Hon. Byron J. Johnson of the Idaho Supreme Court from 1991 to 1992. Following this clerkship, he has been continuously engaged in the practice of law, now in his twenty-third year, all of which has been focused in the practice area of intellectual property litigation, and primarily patent litigation. Throughout these years, he has been involved in numerous trials in federal and state courts and before the United States International Trade Commission ("ITC"), and has argued appeals before the Federal Circuit. He

has been recognized in California Super Lawyers in the area of intellectual property litigation. Following his clerkship, Mr. Otteson was an associate and then partner at Wilson Sonsini. Before leaving to establish his own firm, Agility, he was the head of Wilson Sonsini's ITC litigation practice. Mr. Otteson's billing rate at Agility was $495 per hour. Although his standard billing rate at Arnold & Porter is $870 per hour, from April 2015 through July 2015, Arnold & Porter discounted his rate to Defendants to $495 per hour and from August 2015 through present, Arnold & Porter discounted his rate to Defendants to $696 per hour.

13. My former partner Brandon Baum recorded approximately 386 hours to patent issues in this matter while at Agility. Mr. Baum received his J.D. from UC Hastings College of Law in 1985. Since then he has tried numerous cases to verdict and was formerly an equity partner at both Cooley and Mayer Brown. He has taught a course in patent litigation techniques at UC Hastings, and has lectured at Stanford's Graduate School of Business and Santa Clara Law School. He is a court-appointed Early Neutral Evaluator and Mediator for IP cases in the Northern District of California, a Northern California "Super Lawyer," and a regular contributor to the Patent Law Institute's Patent Law Practice Center. His involvement in this case included preparation of numerous briefs, development of case strategy, and the taking and defense of fact and expert depositions. Mr. Baum's billing rate was approximately $700 per hour at Mayer Brown. His billing rate at Agility was $475 per hour.

14. While at Agility, my partner Thomas Carmack has recorded approximately 473 hours to the patent issues in this case. At Arnold & Porter, Mr. Carmack recorded an additional 632 hours. His involvement includes extensive analysis of validity and infringement issues, preparing numerous briefs, examining witnesses at deposition and trial. Mr. Carmack received a B.S. in Molecular Biology from Brigham Young University in 2000 and graduated from the UC Davis King Hall School of Law in 2003. Before joining Agility in March 2011, he was an attorney at Wilson Sonsini where he specialized in patent and complex commercial litigation. Mr. Carmack has trial experience in state and federal courts, as well as the ITC. Mr. Carmack has been named a Northern California "Rising Star" each year since 2012. Although his standard billing rate at Arnold & Porter is $790 per hour, from April 2015 through July 2015, Arnold &

Porter discounted his rate to Defendants to $475 per hour and from August 2015 through present, Arnold & Porter discounted his rate to Defendants to $632 per hour.

15. Michael Nguyen recorded approximately 443 hours to the patent issues in this matter while at Agility. Since joining Arnold & Porter, Mr. Nguyen has recorded an additional 52 hours on this matter. Mr. Nguyen has been extensively involved in analysis of infringement, preparing numerous briefs, and providing legal research and writing support before and during trial. Mr. Nguyen received a B.S. in Computer Science and Engineering in 2006 from UC Davis and graduated from Notre Dame Law School in 2009. Before joining Agility in August 2011, Mr. Nguyen was an associate at Wilson Sonsini where he specialized in patent litigation. This year, Mr. Nguyen was named a Northern California "Rising Star." His billing rate at Agility was $350 per hour. Although his standard billing rate at Arnold & Porter is $500 per hour, from April 2015 through July 2015, Arnold & Porter discounted his rate to Defendants to $350 per hour and from August 2015 through present, Arnold & Porter discounted his rate to Defendants to $400 per hour.

16. David Lansky recorded approximately 94 hours to the patent issues in this matter while at Agility. Since joining Arnold & Porter, Mr. Lansky has recorded an additional 117 hours on this matter. Mr. Lansky has been involved with deposition and trial preparation and has drafted several motions. Before joining Agility, Mr. Lansky was of counsel at Wilson Sonsini specializing in litigation. Mr. Lansky graduated from University of Michigan Law School in 1996. Mr. Lansky has extensive litigation experience including securities class action, intellectual property, antitrust, privacy, product liability, and general commercial litigation in state and federal courts and the ITC. His Agility billing rate was $425 per hour. Although his standard billing rate at Arnold & Porter is $620 per hour, Arnold & Porter discounted his rate to Defendants to $496 per hour.

17. Jedediah Phillips recorded approximately 52 hours to the patent issues in this matter while at Agility. Since joining Arnold & Porter, Mr. Phillips has recorded an additional 159 hours on this matter. Mr. Phillips has been involved with preparation for the depositions and trial testimony of multiple fact and expert witnesses. He was formerly a patent litigation associate at Howrey LLP. Mr. Phillips graduated from UC Hastings College of Law in 2001 and has

extensive intellectual property, including patent, litigation experience in state and federal courts and the ITC. His Agility billing rate was $395 per hour. Although his standard billing rate at Arnold & Porter is $620 per hour, from April 2015 through July 2015, Arnold & Porter discounted his rate to Defendants to $395 per hour and from August 2015 through present, Arnold & Porter discounted his rate to Defendants to $460 per hour.

18. Other Agility/Arnold & Porter attorneys recorded small amounts of time on the case:

19. My partner, Philip Marsh, recorded approximately 15 hours to the patent issues in this matter while at Agility in connection with case management and review of documents in connection with depositions. Prior to joining Agility, Mr. Marsh was a patent litigation associate at Skadden. Mr. Marsh graduated with a J.D. from George Washington University in 2003. He graduated from the University of Utah with a B.S. in Electrical Engineering in 1988. After graduating from the University of Utah, Mr. Marsh worked as a patent examiner with U.S. Patent and Trademark Office. His billing rate at Agility was $475 per hour.

20. Vinh Pham recorded approximately 63 hours to the patent issues in this matter while at Agility in connection with document review and legal research. Prior to joining Agility, Mr. Pham was a patent litigation associate at Dewey & LeBoeuf LLP. Mr. Pham graduated from UC Hastings College of the Law in 2003 and from California Polytechnic State University with a B.S. in Computer Science in 1999. His billing rate at Agility was $350 per hour.

21. Based on my knowledge, the foregoing hourly rates are well below going market rates for large and specialty firms with patent litigation practices. Patent litigation requires technical acumen and specialized legal knowledge. As reflected by the Agility and Arnold & Porter attorneys working on this case, patent litigators often have technical degrees. Furthermore, based on my positions as an associate at Wilson Sonsini and a partner at Arnold & Porter, I am generally aware of market rates for partners and associates practicing patent litigation at a national level.

22. As shown in Exhibit 1, members of Agility's staff collectively billed approximately 577 hours to the case. As shown in Exhibit 2, Arnold & Porter's staff billed approximately 158

hours to the case. Like the Agility and Arnold & Porter attorneys, the staff working on this case consists of experienced men and women with specific expertise in patent litigation. For example, Mr. Vincent Yee was formerly a paralegal and director of litigation affairs at Wilson Sonsini and Broadcom Corporation. While at Broadcom, he managed the litigation logistics of Broadcom's highly-publicized patent litigation against Qualcomm. Similarly, Ms. Ana Villanueva, Ms. Sherri Mills and Ms. Tracey Nero have combined decades of experience with patent litigation at Wilson Sonsini and Agility. Other members of the staff have above-average qualifications that are not reflected in their hourly rates. For example, Ms. Kalra is an attorney licensed to practice in California who Agility employed on a contract basis for this case as staff.

23. Based on my experience, patent litigation matters are generally more active than many other types of cases tried in federal court. Patent cases involve unique law and unique proceedings and issues, such as claim construction, infringement and invalidity, all of which are interleaved with an added layer of technical complexity that is set by the particular patent or patents at issue in the case. In my experience, the number of hours Agility and Arnold & Porter attorneys and staff billed to this case are reasonable for the period of time the firms were involved in this patent litigation.

24. Based on my experience, the representation required by this case was highly specialized both in law and technical expertise and involved significant complication due to the nature of the case and Defendants' vigorous representation by sophisticated counsel. As described in the accompanying memorandum, Agility and Arnold & Porter's representation involved significant motion practice, ten expert depositions, and a 7-day trial. Under these circumstances, Agility's hours billed were commercially reasonable.

25. As an additional reference concerning the reasonableness of Agility and Arnold & Porter's rates, I have consulted the 2015 American Intellectual Property Law Association ("AIPLA") Report of the Economic Survey ("2015 AIPLA Report"). Excerpts of the 2015 AIPLA Report are attached hereto as Exhibit 3. According to the 2015 AIPLA Report, the mean national 2010 billing rate for private firm partners ranged from $338 to $517 per hour for partners with between 10 and 34 years of intellectual property law experience. *See* Ex. 3, at I-25. For that

same range of experience, the 2010 meaning billing rates for top third quartile (75%) were $450 to $588 per hour. *Id.* In the San Francisco Bay Area, where the Agility and Arnold & Porter attorneys that worked on this case are located, the mean and third quartile (75%) 2014 billing rate for partners was $651 and $863 per hour, respectively. *Id.* The rates provide an additional basis for my opinion that Agility's partner billing rates are reasonable: they are well below the rates for partners in the San Francisco Bay Area.

26. Agility and Arnold & Porter's attorney billing rates for associates and counsel are also reasonable by comparison to the 2015 AIPLA Report data for private firm associates and counsel: The mean, national 2014 billing rate for private firm associates ranged from $348 to $357 per hour for counsel with 5 to 24 years of intellectual property law experience. *See* Ex. 3, at I-36. In the San Francisco metropolitan area, the mean and third quartile (75%) 2014 billing rate for associates was $361 and $470 per hour, respectively. *Id.* The mean, national 2014 billing rate for private firm counsel ranged from $441 to $476 per hour for counsel with 5 to 24 years of intellectual property law experience. See Ex. 3, at I-45.

27. Beyond data on billing rates, the 2015 AIPLA report provides survey data for the typical or median cost of intellectual property litigation. *See* Ex. 3, at I-106, I-110. For patent infringement litigation in which between $1-$10 million is at risk, corporate respondents to the survey reported that the median and third quartiles cost of litigation, were $2,750,000 and $5,000,000, respectively. Ex. 3 at I-110. In the San Francisco Bay Area, the third quartile cost of litigation for cases in which between $1-$10 million is at risk was $4,375,000. Ex. 3, at I-106. Based on these metrics, I believe that the amount of fees requested by Defendants is reasonable given that it was heavily litigated, competitor on competitor case involving a significant number of depositions, motion practice, the complexity of additional claims and trial.

### **DOCUMENTS**

28. Attached hereto as Exhibit 4 is a true and correct copy of an October 22, 2015 email to Laura Fairneny of Quinn Emanuel memorializing AngioScore's position with regard to this motion.

29. Attached hereto as Exhibit 5 is a true and correct copy of the July 2, 2012 Press Release Issued by AngioScore (Trotter Deposition Exhibit 1067).

30. Attached hereto as Exhibit 6 is a true and correct copy of an e-mail thread beginning with the June 1, 2012 e-mail to Tom Trotter from Chris Tompkins (Trotter Deposition Exhibit 1101).

31. Attached hereto as Exhibit 7 is a true and correct copy of Dkt. 29-5 (Exhibit 2 to Swaroop Declaration) filed on October 10, 2012.

32. Attached hereto as Exhibit 8 is a true and correct copy of Dkt. 29-6 (Exhibit 3 to Swaroop Declaration) filed on October 10, 2012.

33. Attached hereto as Exhibit 9 is a true and correct copy of Dkt. 29-7 (Exhibit 4 to Swaroop Declaration) filed on October 10, 2012.

34. Attached hereto as Exhibit 10 is a true and correct copy of Dkt. 29-8 (Exhibit 5 to Swaroop Declaration) filed on October 10, 2012.

35. Attached hereto as Exhibit 11 is a true and correct copy of a March 2, 2010 e-mail to Tom Trotter from Jim Andrews (Trotter Deposition Exhibit 1087).

36. Attached hereto as Exhibit 12 is a true and correct copy of U.S. Patent No. 7,691,119 (Trial Exhibit DX4000).

37. Attached hereto as Exhibit 13 is a true and correct copy of a demonstrative slide used during trial showing Dr. Levenston's photographs of a Chocolate sample, prior to and during inflation, with annotations to show that the struts longitudinally shortened upon inflation and testimony from Mr. Sheehan about the reason this occurs.

38. Attached hereto as Exhibit 14 is a true and correct copy of a demonstrative slide used during trial showing a photograph taken of Mr. Bleam's experiment and used by Mr. Horzewski compared to an assembly drawing of a Chocolate constraining structure.

39. Attached hereto as Exhibit 15 is a true and correct copy of the TriReme Medical, Inc. Report, Bond Strength, Chocolate Balloon Catheter 0.018", TRP883 Rev A, dated June 15, 2012 (Trial Exhibit PX3280).

40. Attached hereto as Exhibit 16 is a true and correct copy of Chocolate Distal Assembly, Constraining Structure on Balloon 0.014" Rev. F (Trial Exhibit DX4606).

41. Attached hereto as Exhibit 17 is a true and correct copy of Chocolate PTA Balloon Catheter .014 GF 135cm OTW Uncoated Final Assembly (Supplier) Rev. E (Trial Exhibit DX4608).

42. Attached hereto as Exhibit 18 is a true and correct copy of demonstratives slides annotating trial exhibits DX 4606 and DX 4608 that were used during trial.

43. Attached hereto as Exhibit 19 is a true and correct copy of excerpts of the March 25, 2014 deposition transcript of Tanhum Feld.

44. Attached hereto as Exhibit 20 is a true and correct copy of a photograph taken by Tanhum Feld of the prototype that showed its failure.

45. Attached hereto as Exhibit 21 is a true and correct copy of U.S. Patent No. 6,416,539 (Trial Exhibit DX4274).

46. Attached hereto as Exhibit 22 is a true and correct copy of U.S. Patent No. 6,206,910.

47. Attached hereto as Exhibit 23 is a true and correct copy of excerpts of the December 11, 2014 deposition transcript of Jonathan David Marmur.

48. Attached hereto as Exhibit 24 is a true and correct copy of an December 3, 2014 email to Steve Hanle of Quinn Emanuel regarding expert witness trial testimony being cumulative.

49. Attached hereto as Exhibit 25 is a true and correct copy of an Order on Remand dated June 23, 2015 (Dkt. 707) in *Highmark, Inc. v. Allcare Health Management Systems, Inc.* (Case No. 4:03cv001384-Y - N.D. Texas) regarding an award of attorney fees.

50. Attached hereto as Exhibit 26 is a true and correct copy of the September 12, 2005 Invention Assignment Agreement between Novoste Corp. and AngioScore (Trial Exhibit PX3044).

51. Attached hereto as Exhibit 27 is a true and correct copy of the Cage Design History (Trial Exhibit DX4200).

52. Attached hereto as Exhibit 28 is a true and correct copy of AngioScore's Disclosure of Asserted Claims and Infringement Contentions Pursuant to Patent L.R. 3-1 & 3-2 dated May 6, 2013.

53. Attached hereto as Exhibit 29 is a true and correct copy of Photograph of Experimental Device Distal Balloon from Neil Sheehan Report (Trial Exhibit DX5760).

54. Attached hereto as Exhibit 30 is a true and correct copy of Photograph of Experimental Device Proximal Balloon from Sheehan Report (Trial Exhibit DX5761).

55. Attached hereto as Exhibit 31 is a true and correct copy of demonstrative slides used at trial showing Mr. Sheehan's quantitative and qualitative evaluation of Chocolate's struts before inflation, during inflation and after deflation of the balloon.

56. Attached hereto as Exhibit 32 is a true and correct copy of the first page of Neil Sheehan Testing Photographs. A complete copy of the photographs are in the Court's record as Trial Exhibit DX5687 and are not being submitted with the declaration due to their size.

57. Attached hereto as Exhibit 33 is a true and correct copy of Neil Sheehan Testing Results (Trial Exhibit 5688).

58. Attached hereto as Exhibit 34 is a true and correct copy of the June 15, 2012 TriReme Medical, Inc. Report, Bond Strength, Chocolate Balloon Catheter 0.018", TRP883 Rev A (Trial Exhibit PX3280).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 28, 2015     */s/ David A. Caine*
                                           David A. Caine