UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGIOSCORE, INC.**, <br> Plaintiff, <br> v. <br> **TRIREME MEDICAL, INC., ET AL.**, <br> Defendants. | Case No. 12-cv-03393-YGR <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES** <br><br> Re: Dkt. No. 827 |

After prevailing at the patent trial in the above-captioned case, defendants filed the instant motion seeking attorney's fees, pursuant to Federal Rule of Civil Procedure 54(d), under: (1) the "exceptional case" provision of 35 U.S.C. § 285, or (2) the Court's inherent power to impose sanctions. (Dkt. No. 827.) Defendants request fees in the amount of $4,786,497.75. (*Id.* at 25.) Plaintiff opposes the motion. (Dkt. No. 836.)

Having carefully considered the papers submitted and the record in this case,[1] and good cause shown, the Court hereby **DENIES** the motion.

### I.   LITIGATION HISTORY

Plaintiff initiated this suit on June 29, 2012, alleging infringement of two patents: U.S. Patent Nos. 7,691,119 (the "'119 Patent") and 7,931,663 (the "'663 Patent"). (Dkt. No. 1.) On August 16, 2012, plaintiff filed an amended complaint, no longer asserting infringement of the '663 Patent. (Dkt. No. 12.) On December 5, 2012, the Court denied as premature defendants' motion for sanctions under Federal Rule of Civil Procedure 11 alleging an inadequate pre-suit

---

[1] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Thus, the hearing on the motion set for December 15, 2015 is **VACATED**.

investigation. (Dkt. No. 54.) On June 25, 2014, the Court granted, in part, defendants' motion for summary judgment on the patent claim. (Dkt. No. 218.) In the same order, in light of plaintiff's discovery of a potential breach of fiduciary duty by defendant Eitan Konstantino, the Court granted plaintiff leave to amend to assert related state law claims. (Dkt. No. 219.)

On March 3, 2015, the Court bifurcated the state law claims from the patent claim, as the former were subject to a bench trial and the latter to a jury trial. (Dkt. No. 582.) Following a six-day bench trial on the state law claims, the Court issued its Findings of Fact and Conclusions of Law on July 1, 2015, detailing the history of this dispute and finding in favor of plaintiff on its state law claims for breach of fiduciary duty. *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2015 WL 4040388 (N.D. Cal. July 1, 2015). In September 2015, a jury trial was held on plaintiff's patent infringement claim, resulting in a verdict of non-infringement and invalidity as to all of the asserted claims of the '119 Patent. (Dkt. No. 790.) Judgment was entered on October 14, 2015. (Dkt. No. 812.)

## II. LEGAL STANDARDS

### A. 35 U.S.C. § 285

The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "'exceptional' case . . . is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The determination of what is "exceptional" is a made in exercise of the court's discretion taking into account the totality of the circumstances. *Id.* The court considers such factors as evidence of bad faith litigation, objectively unreasonable positions, or improper conduct. *See id.* at 1756-57. In short, attorneys' fees under 35 U.S.C. § 285 are awarded "in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757. A district court's determination under this statute is reviewed for an abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1747 (2014).

**B.   Sanctions Under the Court's Inherent Power**

The Court "has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992-94 (9th Cir. 2001) (finding "mere recklessness, without more, does not justify sanctions under a court's inherent power" but that "[s]anctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose").

**III.   DISCUSSION**

Although the patent case was not particularly strong, it was not exceptionally weak—as evidenced in part by its survival through summary judgment. Notably, this Court's rulings on motions *in limine* decided immediately preceding the patent trial—including, for example, as to a doctrine of equivalents theory regarding the "end" limitation—foreclosed certain stronger arguments and evidence sought to be introduced due to plaintiff's failure to make timely disclosures. (Dkt. No. 749.)[2] The ultimate avenue available to plaintiff to prove infringement was, by the time the case was presented to the jury, fairly narrow, but not unreasonably so. Thus, while defendants ultimately prevailed in the patent case, that outcome alone does not warrant a finding that the case is exceptional, especially given the excluded opinions.

Defendants have also failed to establish the case was unreasonably litigated.[3] According to defendants, plaintiff filed a frivolous patent case solely in order to "disrupt" defendants' business and as a "pretext" to obtain discovery to support its anticipated state law claims. (Dkt. No. 827 at 3-4.) In support of this theory, defendants offer largely speculation. Defendants do point to a contemporaneous email from plaintiff's CEO wherein he noted that potential investors in

---

[2] Similarly, plaintiff was appropriately sanctioned for its failure to disclose Dr. Levenston's measurements in a timely manner and consequently testimony and other evidence directly relating to those measurements were excluded at trial.

[3] The Court also notes that all parties were particularly litigious. Given the considerable judicial resources expended for motions brought by both sides, the Court declines to recount the entire case history herein. However, if mere contentious litigation warranted an award of attorney's fees, the granting of such fees in patent cases would be the rule rather than the exception.

3

defendant TriReme Medical, Inc. might be in for a "big surprise" upon discovering the "major lawsuit" plaintiff had filed.  (*Id*. at 4.)  However, there is nothing inherently suspect about that observation.  A CEO might make such a remark regarding a suit brought in good faith.  Moreover, unless the patent case was itself meritless, plaintiff's use of the discovery process in connection therewith to learn of the related conduct that ultimately led to its assertion of state law claims is not necessarily improper.  A party is free to seek leave to amend its complaint if, in the course of discovery, it learns of alternative bases for relief.  The Court finds that the totality of the circumstances at issue here does not suggest the patent suit was brought in bad faith, with an improper purpose, or in the absence of an adequate pre-filing investigation.[4]  Defendants have put forth no authority supporting an exceptional case finding in such a context.

In light of the foregoing, the Court is not convinced that this was an "exceptional case," or that counsel acted with "subjective bad faith."  The Court also declines to award sanctions under its inherent power in light of these findings.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** defendants' motion for attorney's fees.

This Order terminates Docket Number 827.

**IT IS SO ORDERED.**

Dated: December 9, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] The adequacy of the pre-filing investigation was previously demonstrated by plaintiff's submission of three declarations at Docket Numbers 33-35.  In light of subsequent developments in the case, the Court finds the pre-filing investigation was reasonable.  Moreover, defendants' complaint regarding the number of experts retained by plaintiff (five on infringement and two on validity, with three infringement experts testifying at trial) does not justify an exceptional case finding.  Defendants raise a number of other concerns regarding quotidian—if less than ideal—litigation conduct by plaintiff, such as in regards to the deposition of Mr. Olsen, which was prematurely terminated but which resumed shortly thereafter upon the order of Magistrate Judge Corley.  (Defendants ignore this Court's sanctions related to their own deposition conduct.)  However, none of these issues, either standing alone or together, render this case exceptional.