UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGIOSCORE, INC.**,<br>    Plaintiff,<br>v.<br>**TRIREME MEDICAL, INC., ET AL.**,<br>    Defendants. | Case No. 12-cv-03393-YGR<br><br>**ORDER DENYING DEFENDANT KONSTANTINO'S MOTION TO ALTER OR AMEND JUDGMENT** |

By way of brief background, on July 1, 2015, after a bench trial in April 2015 on plaintiff's state law claims for breach of fiduciary duty and comprehensive post-trial briefing and argument, the Court issued its Findings of Fact and Conclusions of Law in favor of plaintiff. (Dkt. No. 665.) In September 2015, a jury trial was held on plaintiff's patent infringement claims, which resulted in a jury verdict of non-infringement and invalidity as to all asserted claims. (Dkt. No. 790.) Within one day of the jury verdict and prior to entry of final judgment, defendants filed a motion to reopen the trial record, to reopen discovery, and sought leave to file a motion for reconsideration in connection with the state law portion of the case. (Dkt. Nos. 785, 792.) The motion, in part based on plaintiff's purported concealment of relevant information about its declining market share, was denied. (Dkt. No. 809.) The Court noted that defendants could have further questioned witnesses or presented additional expert testimony regarding the appropriate market definition at trial. (*Id.* at 3.) Defendant Konstantino—now represented by his third set of attorneys (none of whom participated in the trial)—moves to alter or amend the judgment, again challenging the lost profits damages award as based on an improper market definition. (Dkt. No. 835.) Konstantino also challenges the future lost profits awarded as "speculative" and the disgorgement remedy as legally improper. Having carefully considered the papers submitted and

the record in this case, the Court **DENIES** the motion.[1]

Pursuant to Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment where: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations omitted). Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend."). A district court enjoys considerable discretion in granting or denying a motion to amend or alter a judgment under Rule 59(e). *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc).

Konstantino asserts the motion seeks to correct "manifest errors of law or fact upon which the judgment is based" and is "necessary to prevent manifest injustice." He argues the lost profits and disgorgement awards are improper. As to the lost profits award, he contends it was based on an improper market definition, arguing plaintiff's expert was not qualified to offer an opinion on

---

[1] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

market definition and that his conclusions regarding the relevant market were premised on inappropriate assumptions and misconstrued evidence. He also argues the future lost profits award is impermissibly speculative. As to the disgorgement award, he argues it is contrary to law because it would result in an impermissible double recovery, because Konstantino has not been unjustly enriched, and due to the purported lack of a causal connection between Konstantino's wrongdoing and his receipt of that property.

The motion is based entirely on arguments and evidence that either were or could have been presented to the Court prior to entry of judgment. As to the complaints regarding the lost profits calculation, Konstantino's arguments, including that the Court should have credited the testimony of his expert over plaintiff's, were or could have been presented before entry of judgment. Moreover, the Court's Findings of Fact and Conclusions of Law contains substantial support for the relevant market, including defendants' own records, which shall not be repeated here. As to Konstantino's challenge to the disgorgement remedy, these arguments also could have been previously raised, and in any event the Court's award was justified under Delaware law. Thus, finding no "manifest injustice" or "manifest error" reflected in the Findings of Fact and Conclusions of Law or resulting final judgment, the Court **DENIES** Konstantino's motion to alter or amend the judgment.

This Order terminates Docket Number 835.

**IT IS SO ORDERED.**

Dated: January 7, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**