NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ANGIOSCORE, INC.,**
*Plaintiff-Appellee*

v.

**TRIREME MEDICAL, LLC, QUATTRO VASCULAR PTE LTD., QT VASCULAR LTD., EITAN KONSTANTINO,**
*Defendants-Appellants*

_____

2016-1126, 2016-1142

_____

Appeals from the United States District Court for the Northern District of California in No. 4:12-cv-03393-YGR, Judge Yvonne Gonzalez Rogers.

_____

Decided: November 8, 2016

_____

ROBERT PAUL FELDMAN, Quinn Emanuel Urquhart & Sullivan, LLP, Redwood Shores, CA, argued for plaintiff-appellee. Also represented by WILLIAM ADAMS, PETER J. ARMENIO, CLELAND B. WELTON, II, New York, NY.

LISA SCHIAVO BLATT, Arnold & Porter LLP, Washington, DC, argued for defendants-appellants Trireme Medical, Quattro Vascular PTE LTD., QT Vascular LTD. Also

represented by DAVID A. CAINE; DAVID S. STEUER, STEVEN GUGGENHEIM, DYLAN JAMES LIDDIARD, CHERYL W. FOUNG, Wilson, Sonsisi, Goodrich & Rosati, PC, Palo Alto, CA.

ADRIAN MARY PRUETZ, Glaser, Weil, Fink, Jacobs, Howard, Avchen & Shapiro LLP, Los Angeles, CA, argued for defendant-appellant Eitan Konstantino. Also represented by MIEKE K. MALMBERG, RICHARD W. BUCKNER.

---

Before REYNA, PLAGER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

AngioScore, Inc. sued the defendant-appellants (TriReme Medical, LLC, Quattro Vascular PTE Ltd., QT Vascular Ltd., and Eitan Konstantino) for patent infringement, breach of fiduciary duty, aiding and abetting, and unfair competition. After separate trials on the patent and state-law claims, the district court entered final judgment for Defendants on the patent claim, for AngioScore on the state-law claims, and denied Corporate Defendants' (TriReme Medical, LLC, Quattro Vascular PTE Ltd., and QT Vascular Ltd.) request for attorneys' fees under 35 U.S.C. § 285. Because we find that the district court improperly exercised supplemental jurisdiction over the state-law claims but did not err in denying attorneys' fees, we reverse-in-part, affirm-in-part, vacate-in-part, and remand with instructions to dismiss the state-law claims for lack of jurisdiction.

I

In March 2003, Eitan Konstantino co-founded AngioScore to develop and market a new angioplasty balloon catheter that he had co-invented, called AngioSculpt. Dr. Konstantino initially served as AngioScore's president and sat on its board of directors. As a condition of his employment, Dr. Konstantino and AngioScore entered into an assignment agreement, in which Dr. Konstantino

agreed to assign AngioScore his rights in any inventions that he conceived of or developed during his employment.

In November 2005, the board of directors began gradually reducing Dr. Konstantino's role at AngioScore, and on April 1, 2007, AngioScore terminated Dr. Konstantino's employment, and, thereby, terminated the assignment agreement.  Dr. Konstantino remained on AngioScore's board as an outside board member charged with representing certain minority investors.

While AngioScore was reducing his role, Dr. Konstantino increased his involvement with TriReme Medical, LLC, a separate company that he had co-founded.  TriReme initially focused on developing endovascular bifurcation stents and delivery systems for bifurcation stents, which differs from the technology used in angioplasty balloons, e.g., AngioScore's AngioSculpt product.  But, in the fall of 2009, Dr. Konstantino and Tanhum Feld conceived of a new angioplasty balloon catheter which they named Chocolate.  On October 9, 2009, Dr. Konstantino filed a provisional patent application for Chocolate, naming himself and Mr. Feld as co-inventors.  Thereafter, Dr. Konstantino sought funding from outside investors to bring the device to market while Mr. Feld worked on the design and development of the device.

On February 3, 2010, Dr. Konstantino informed Tom Trotter, AngioScore's CEO, that TriReme would be "moving into" the specialty balloon market, but did not specifically discuss Chocolate.  J.A. 51342.  The next day, Mr. Trotter demanded that Dr. Konstantino resign from AngioScore's board because he felt that "the development or marketing of an angioplasty device of any kind for the treatment of peripheral artery disease which could compete with AngioScore has created a serious conflict of interest for [Dr. Konstantino] as a Board Member of AngioScore." J.A. 80351.  Dr. Konstantino attempted to

clarify that TriReme had "not made any decision" regarding the specialty balloon market, and that it "may never happen, depending on the investors coming to the table . . . ." J.A. 80369. Ultimately, Dr. Konstantino resigned from AngioScore's board, effective February 5, 2010.

Dr. Konstantino and Mr. Feld assigned their rights in Chocolate to TriReme's corporate affiliate, Quattro Vascular PTE Ltd., on June 1, 2010. A non-provisional patent application for Chocolate was filed in March 2011, and Defendants began selling it in the United States in December 2011.

On June 29, 2012, AngioScore sued Defendants for infringing United States Patent No. 7,691,119 (the '119 patent) by making and selling Chocolate. AngioScore later added state-law claims for breach of fiduciary duty, aiding and abetting, and unfair competition. AngioScore asserted that Dr. Konstantino violated Delaware's corporate opportunity doctrine by "fail[ing] to disclose and offer to AngioScore the business opportunity relating to the Chocolate device." J.A. 2541. Further, AngioScore contended that the Corporate Defendants aided and abetted Dr. Konstantino's alleged breach of fiduciary duty, which constituted unfair competition. J.A. 2542–43.

Defendants moved to dismiss the state-law claims for lack of subject matter jurisdiction. In denying the motion to dismiss, the district court concluded that the exercise of jurisdiction was proper under 28 U.S.C. § 1367 because "the core of this case concerns the Chocolate device," as both the federal and state-law claims "turn on proof concerning exactly what [] Chocolate is, how it was developed, and its import relative to AngioScore both in terms of lost profits if found to be infringing, or its value as a potential corporate opportunity." J.A. 37.

Following a bench trial on the state-law claims, the district court issued Findings of Fact and Conclusions of

Law, ruling in favor of AngioScore. The district court found that Chocolate was a corporate opportunity and Dr. Konstantino breached his fiduciary duty by failing to offer it to AngioScore. The district court awarded AngioScore $20,034,000 in lost profits. A separate trial was held on AngioScore's federal patent infringement claim. The jury found that Chocolate did not infringe any asserted claim of the '119 patent and that all of AngioScore's asserted claims were invalid. The district court subsequently denied Corporate Defendants' request for attorneys' fees under 35 U.S.C. § 285.

Defendants appeal the district court's exercise of jurisdiction over the state-law claims and the denial of attorneys' fees under 35 U.S.C. § 285. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II

The threshold question here is whether the district court properly exercised jurisdiction over the state-law claims. We review de novo a district court's exercise of supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367(a). *Voda v. Cordis Corp.*, 476 F.3d 887, 892 (Fed. Cir. 2007).

This court follows the "'fundamental precept that federal courts are courts of limited jurisdiction,' empowered to act only within the bounds of Article III of the United States Constitution." *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). If diversity jurisdiction is lacking and the case involves state-law claims that are not independently subject to federal jurisdiction, a district court may exercise supplemental jurisdiction over those state-law claims only if they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also Highway*

*Equip. Co.*, 469 F.3d at 1038. "For this relatedness requirement to be satisfied, '[t]he state and federal claims must derive from a common nucleus of operative fact' such that they would ordinarily be expected to be tried in one proceeding." *Highway Equip. Co.*, 469 F.3d at 1038 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). The test for the exercise of supplemental jurisdiction is not to be "unnecessarily grudging" and must consider "judicial economy, convenience, and fairness to litigants." *Id.* at 725–26. The presence of a common nucleus of operative fact must always be present, however.

Generally, claims arise out of a common nucleus of operative fact when they "involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts." *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1563–64 (11th Cir. 1994); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (a sufficient relationship will be found if "the facts underlying the federal and state claims substantially overlap[] . . . or where presentation of the federal claim necessarily b[rings] the facts underlying the state claim before the court"). However, state-law claims that only "relate generally" to federal claims through a broader dispute and do not share any operative facts are insufficient for supplemental jurisdiction. *Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Grp., LLC*, 468 F. Supp. 2d 136, 141 (D.D.C. 2007).

Applying the Supreme Court's test in *Gibbs*, we find here that no common nucleus of operative fact exists. The patent infringement claim relates generally to whether the Chocolate device satisfies the '119 patent's claim limitations, *see Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 374 (1996) ("Victory in an infringement suit requires a finding that the patent claim covers the alleged infringer's product or process, which in turn necessitates a determination of what the words in the claim mean.")

Case 4:12-cv-03393-YGR   Document 848   Filed 11/08/16   Page 7 of 9

ANGIOSCORE, INC. v. TRIREME MEDICAL, LLC                    7

(internal quotations and citations omitted), while the state-law claims relate solely to whether the Chocolate device was a "corporate opportunity," which requires evidence that: (1) the opportunity is within the corporation's line of business; (2) the corporation has an interest or expectancy in the opportunity; (3) the corporation is financially able to exploit the opportunity; and (4) by taking the opportunity for his own, the corporate fiduciary is placed in a position inimical to his duties to the corporation, *Broz v. Cellular Info. Sys., Inc.*, 673 A.2d 148, 154–55 (Del. 1996).

Although the district court was required to have a general understanding of how Chocolate operated to determine if Chocolate fell within AngioScore's line of business, *see* J.A. 43–44 ("AngioSculpt and Chocolate, TriReme's device, are both angioplasty balloon catheters used to open occluded or narrowed blood vessels at lesion sites by inflating to compress plaque deposits against the vessel wall and then deflating for removal from the patient's body."), this does not create a "common nucleus of operative fact" because it is simply general "background" information. *See Burgess v. Omar*, 345 F. Supp. 2d 369, 370–72 (S.D.N.Y. 2004); *Trilithic, Inc. v. Wavetek U.S. Inc.*, 6 F. Supp. 2d 803, 806 (S.D. Ind. 1998). Additionally, the fact that the same experts calculated the patent damages and opined on damages relating to the state-law claims is not an "operative fact" sufficient to confer jurisdiction.

While we recognize that there is some judicial economy to allow a judgment that has been fully adjudicated to stand, judicial economy is not *Gibbs's* only concern. Because the state-law claims here only generally relate to the federal patent claim, a "common nucleus of operative

fact" does not exist.[1]  Accordingly, we find that the district court erred in exercising supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

### III

Corporate Defendants also appeal the district court's denial of attorneys' fees under 35 U.S.C. § 285.  Under § 285, a "court in exceptional cases may award reasonable attorney fees to the prevailing party."  An "exceptional case" is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).  On appeal, we review the district court's exceptional case determination under § 285 for an abuse of discretion.   *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1347 (Fed. Cir. 2015).

The district court did not find the patent claim "exceptionally weak," in part because it survived summary judgment.  J.A. 181.  However, Defendants argue that they were entitled to summary judgment because claim vitiation defeated the application of the doctrine of equivalents.  They assert, therefore, that because the district court's denial of summary judgment was premised on an incorrect view of the doctrine of equivalents, reversal of the denial of attorneys' fees is proper since "legal error invaded the district court's evaluation of whether Angi-

---

[1]  Because there is no common nucleus of operative fact between the state-law claims and the federal claim, the district court also lacks jurisdiction to hear the state-law unfair competition claim under 28 U.S.C. § 1338(b). *See* 13D Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 3582 (3d ed. 2015).

oScore's patent infringement claim was 'exceptionally meritless.'" Pet. Br. at 59.

However, Corporate Defendants did not argue claim vitiation in their initial motion for summary judgment. Although Corporate Defendants sought leave to file a second motion for summary judgment to make this argument, the district court denied the request because it violated its Standing Order in Civil Cases. J.A. 3353.1. The district court's failure to grant summary judgment on an argument that was never properly presented does not constitute a legal error. Therefore, we find that the district court did not abuse its discretion in denying attorneys' fees under § 285.

IV

For these reasons, we find that the district court improperly exercised supplemental jurisdiction over the state-law claims, but did not err in denying attorneys' fees. Therefore, we reverse-in-part, affirm-in-part, vacate-in-part, and remand with instructions to dismiss the state-law claims for lack of subject matter jurisdiction.

**REVERSED-IN-PART, AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED**